Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board *v.* Pennsylvania Social Services Union, Local 668, Affiliated with Service Employees International Union, AFL-CIO, Appellant.

Argued December 2, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eric B. Chaikin*, with him *Stephen A. Sheller*, and *Pechner, Dorfman, Wolffe, Moss & Rounick*, for appellant.

*James L. Crawford*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, for appellee.

OPINION BY JUDGE KRAMER, February 10, 1976:

This is an appeal by the Pennsylvania Social Services Union, Local 668 from an adjudication and "Nisi Order of Dismissal" of the Pennsylvania Labor Relations Board dated July 25, 1975, which dismissed a charge of unfair labor practices filed by the Union against the Commonwealth of Pennsylvania. The charge was filed under the provisions of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

The Commonwealth and the Union, pursuant to an order of certification and after meeting and discussing, entered into a Memorandum of Understanding dated January 30, 1974, for the term of January 30, 1974, through June 30, 1975. On November 19, 1974, an attorney for the Commonwealth's Bureau of Labor Relations sent a letter to the Union setting forth a "clarification" of one of the recommendations of the Memorandum of Understanding. The Union, claiming that this clarification was a unilateral change of the Memorandum of Understanding without further meetings and discussions, filed its charge of unfair practices with the Board. A full hearing was held after which the Board issued its "Nisi Order of Dismissal." After reciting the usual findings of fact and conclusions, the Board issued an order which reads as follows:

ORDER

"The Pennsylvania Labor Relations Board, therefore, after due consideration of the foregoing and the record as a whole,

HEREBY ORDERS AND DIRECTS

that the Charge of Unfair Practices filed by Pennsylvania Social Services Union, Local 668, SEIU, AFL-CIO, on December 16, 1974 with the Pennsylvania Labor Relations Board, be and the same are hereby dismissed and the Complaint issued thereon is rescinded.

IT IS HEREBY FURTHER ORDERED AND DECREED that in the absence of any exceptions filed pursuant to 34 Pa. Code Ch. 95.98, within ten (10) days of the date hereof, this Decision and Order shall become and be absolute and final.

SIGNED, SEALED AND DATED at Harrisburg, Pennsylvania, this twenty-fifth day of July, 1975."

The Union did not file any exceptions or any other pleading which would require further review by the Board. Instead, on August 22, 1975, the Union filed an appeal with this Court.[1] On September 2, 1975, the Commonwealth filed a Motion to Quash the Appeal for the reason that the Union had not filed any exceptions with the Board and, therefore, had failed to exhaust a mandatory administrative remedy provided for in Section 1501 of PERA, 43 P.S. §1101.1501. The relevant portion of this section reads as follows:

"No objection that has not been urged before the board, its members or agents shall be considered by the court unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

The only issue we will consider is whether the Union was required under this language to file exceptions to the Board's "Nisi" order. We hold that it was and will grant the Commonwealth's Motion to Quash.

It is the contention of the Union that the "Nisi Order of Dismissal" became a final order ten days after it was issued and that there is no statute, rule or regulation which requires it to file exceptions before it takes an appeal to this Court. We cannot agree with this contention. Our reading of Section 1501 of PERA leads us

---

1. In its brief, the Union states that it filed with this Court a "Notice of Appeal and Exceptions to Adjudication." Although it is not dispositive, we note that no such exceptions are to be found in the records of this Court.

to conclude that the Legislature intended the Board to resolve all possible objections and exceptions before an appeal is taken to the courts. The issuance by the Board of a "Nisi" order follows that legislative intent, for it permits the parties to the action before the Board to submit their objections or exceptions and allows the Board to reconsider its tenative order and correct any errors. The Legislature's pronouncement in Section 1501 makes sense in light of the exceedingly heavy case loads of the courts and the principle that the Board has technical expertise in resolving labor conflicts. Although there are no appellate decisions on this specific issue,[2] at least two trial courts have decided the issue as we do. *See Pennsylvania Labor Relations Board v. Markle Bkg. & Trust Co.*, 39 Luz. Legal Register Reports 345 (1947); *Appeal of Harry D. Eckles*, 9 Beaver 198 (1947).[3] Our holding is also consistent with federal decisions which have interpreted identical federal statutory language. *See National Labor Relations Board v. Cheney California Lumber Co.*, 327 U.S. 385 (1946) and *May Department Stores v. National Labor Relations Board*, 326 U.S. 376 (1945).

All of the arguments which the Union makes in its appeal to this Court could have been made to the Board through the vehicle of exceptions, after which the Board

2. We note, however, the general principle that where the right to appeal is statutory, the appellant must act in strict accord with the governing legislation. *Pittsburgh v. P. U. C.*, 3 Pa. Commonwealth Ct. 546, 284 A.2d 808 (1971). *See also Oteri Appeal*, 372 Pa. 557, 94 A.2d 772 (1953) and *Smith v. Scholl*, 262 Pa. 124, 105 A. 41 (1918). By analogy, appeals from courts of record will not be entertained unless exceptions are filed with the trial court when required. *See* Pa. R. Civ. P. 1518 and *Commonwealth v. Tolleson*, .... Pa. ...., 340 A.2d 428 (1975).

3. These decisions dealt with Section 9 of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.9(a), which contains language identical to the portion of PERA quoted above.

could have reconsidered and either made a more specific adjudication or reached a different result. When it failed to file exceptions for such reconsideration by the Board, the Union precluded itself from filing an appeal to this Court. Section 1501 of PERA does permit us to entertain objections to the action of the Board which were not raised before the Board by the parties if the failure to raise such objections resulted from extraordinary circumstances. The Union has presented nothing which would permit us to determine that there were any extraordinary circumstances in this case.

We hold that it was the legislative intent of Section 1501 of PERA to preclude any party to a matter before the Board from filing an appeal from a "Nisi" order without first filing exceptions, when the right to file exceptions is provided for in the order. Accordingly, we

ORDER

AND NOW this 10th day of February, 1976, after argument the motion of the Commonwealth of Pennsylvania to quash the appeal is hereby granted and the appeal is dismissed.