Loretta M. Shannon *v.* Pennsylvania Labor Relations Board, Commonwealth of Pennsylvania. The Pennsylvania Labor Relations Board, Appellant.

Submitted on briefs, October 28, 1976, to Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*James F. Wildeman*, Assistant Attorney General, with him *Forest N. Myers*, Assistant Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, December 3, 1976:

This is an appeal from the lower court's order granting appellee the right to file nunc pro tunc a Petition for Review of a Final Order of the Pennsylvania Labor Relations Board. The Pennsylvania Labor Relations Board had filed a Nisi Order on March 20, 1975. The order expressly provided that it would become final within ten days of its date in the absence of exceptions being filed. No exceptions were filed and the Nisi Order became final on March 30, 1975.

On May 16, 1975, well beyond the 30 day statutory limit,[1] appellee filed a Petition for Review with the Court of Common Pleas of Allegheny County. The Petition alleged as the basis for requesting the review and setting aside of the order which became final on March 30, 1975, that the findings of fact and conclusions were not based on substantial and credible evidence. Paragraph 13 of the Petition, the only paragraph in the Petition referring to procedural defects, recites:

No exceptions were filed to the Board's Nisi Order of Amended Certification of March 20, 1975, by the attorney then handling petitioner's case, and the Order became final.

---

[1] Section 1502, of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1502.

Appellant filed a motion to quash alleging two grounds: first, the Petition for Review was untimely filed, *i.e.*, beyond the 30 day limitation; second, as alleged in paragraph 13 of the Petition, no exceptions had been filed with the Pennsylvania Labor Relations Board to its Nisi Order of March 20, 1975. The lower court dismissed the motion to quash, and apparently on its own motion, "granted the Petition for Review nunc pro tunc." The lower court based its grant of the right to file nunc pro tunc on facts we can assume to be true, but do not appear of record, that appellee's union and her former attorney failed to notify her of the Order. If this were the only question, we might remand the case to the court below to have the facts put on the record. The lower court, and this Court if necessary, could decide properly whether there had been an abuse of discretion for the lower court to grant the right to file nunc pro tunc on the facts as they then appear. However, this would be of no avail to the appellee.

The fatal defect, occurring prior to the present legal counsel for appellee entering the case, is that no exceptions were filed to the Pennsylvania Labor Relations Board's Nisi Order of March 20, 1975. Judge KRAMER, in his opinion in *Pennsylvania Labor Relations Board v. Pennsylvania Social Services Union Local 668*, 23 Pa. Commonwealth Ct. 278, 351 A.2d 288 (1976), has recently and clearly set forth the reasons for the mandatory requirement that exceptions be filed, making it unnecessary for us to do so again.

Accordingly, we will enter an order reversing the lower court.

ORDER

Now, December 3, 1976, the order of the Court of Common Pleas of Allegheny County, Civil Division, dated October 7, 1975, is reversed and the motion of

the Pennsylvania Labor Relations Board to dismiss the petition of Loretta M. Shannon for review of the order of the Pennsylvania Labor Relations Board, which became final March 30, 1975, is granted.