Beaver Valley Intermediate Unit, Intermediate Unit No. 27 *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant.

Argued December 4, 1979, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Peter O. Steege,* of *Evans, Steege and McNees,* with him, *Ronald N. Watzman,* for appellee.

*Mary T. Gavigan,* with her, *James L. Crawford, Larry J. Rappoport, Anthony C. Busillo,* Assistant Attorneys General, for appellant.

OPINION BY JUDGE BLATT, March 12, 1980:

The Pennsylvania Labor Relations Board appeals here from an order of the Court of Common Pleas of Beaver County which directed it to reconsider its de-

termination on a Petition for Unit Clarification filed by the Beaver Valley Intermediate Unit No. 27 (I.U.).

The I. U. filed its petition pursuant to the Public Employe Relations Act[1] (PERA) seeking to designate ten of seventeen secretarial/clerical personnel in the present bargaining unit as confidential employees. On June 22, 1978, the Board, after a hearing, issued an order determining that two of the challenged employees were confidential employees while the remaining eight were not and were therefore properly included within the bargaining unit. The Board's Nisi Decision and Order further provided that, in the absence of exceptions filed within ten days of the date thereof, the order would become final. The I. U. sent exceptions to the Board but these were not received by the Board until 8:40 A.M. on the day following the expiration of the 10-day period. As a result, the Board refused to consider them and also denied a subsequent request for reconsideration. Thereafter the I. U. filed a Petition for Review with this Court. Because we determined that jurisdiction of the claim was properly in the Court of Common Pleas of Beaver County, we transferred the case there. That court concluded that the Board had abused its discretion by not considering the exceptions and therefore denied the Board's Motion to Quash and remanded the case to the Board to determine the confidential status of the two employees. The Board then filed an appeal to this Court to which the court below responded by directing the Board to submit a concise statement of the reasons for its appeal.[2] After the submission of such reasons and the consideration thereof, the court below issued an Addendum to its prior Opinion reaffirming its earler decision.

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

[2] Pursuant to Pa. R.A.P. 1925.

The I. U. has filed a Motion to Quash contending that the order of the court below requiring a remand is not a final order and that it is therefore not appealable. The Board responds that the portion of the court's order which denied its previous Motion to Quash is appealable because it effectively settles for all intents and purposes the question of whether or not the Board abused its discretion by not considering the untimely filed exceptions. Such circumstances, it argues, constitute an exception to the general rule that remand orders are interlocutory and therefore not appealable. *See, e.g., Dacar Chemical Products Co. v. Allegheny County Redevelopment Authority,* 425 Pa. 343, 228 A.2d 778 (1967). We must agree with the Board. The court below ordered a remand solely for the purpose of determining the confidential employee question. Its determination on the abuse of discretion issue was clearly a final determination of that question and has no bearing on the remand order.

The central issue raised in the appeal is: Did the Board's failure to consider the untimely filed exceptions to its Nisi Order constitute an abuse of discretion?

At the outset, we must note that unlike other legislation such as the provisions of The Pennsylvania Workmen's Compensation Act[3] as they existed at the time of the Board's initial order, PERA does not set a statutory time limit for the filing of exceptions. This requirement is found only in the Board's order.

In support of its position, that it can set a time limit in a case such as this, it argues that it must be bound by its own rules and regulations and that it "may not statutorily extend the time for filing exceptions without a showing of extraordinary circum-

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, formerly 77 P.S. §§872-874, repealed by Act of April 28, 1978, P.L. 202.

stances." The Board's regulations, however, as found at 34 Pa. Code §95.42, provide as follows:

(a) When the Act [Public Employe Relations Act], any of the provisions of this Chapter or any *order of the Board* requires the filing of a motion, brief, *exception,* or other paper in any proceeding, such document shall be received by the Board or the officer or agent designated by the Board to receive such document before the close of business of the last day of time limit, if any, for such filing. *Any exceptions to this requirement will be at the discretion of the Board.* (Emphasis added.)

Clearly, therefore, the Board has discretion as to the grant of exceptions to its requirements, but it would like us to hold that although a decision to accept exceptions filed after the time limit is within its discretion, that decision is not reviewable. We believe, however, that it was within the authority of the judge below to review the Board's decision to determine whether or not it had abused its discretion, and we believe that he did not commit an error of law in finding such an abuse of the Board's discretion.[4]

The order of the court below directing that the case be remanded to the Board is therefore affirmed.

### Order

And Now, this 12th day of March, 1980, the order of the Court of Common Pleas of Beaver County dated May 10, 1979 is hereby affirmed.

---

[4] We are not unmindful of our decisions in *Pennsylvania Labor Relations Board v. Pennsylvania Social Services Union, Local 668,* 23 Pa. Commonwealth Ct. 278, 351 A.2d 288 (1976) and *Shannon v. Pennsylvania Labor Relations Board,* 27 Pa. Commonwealth Ct. 306, 367 A.2d 734 (1976) where we held that the failure to file exceptions to the Board's order precluded further appeal. Whereas in those cases *no* exceptions were filed, there clearly were exceptions made in the instant situation, and it is the Board's own regulations which allow for the untimely filing.