Marjolaine Tin Nyo, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Marjolaine Tin Nyo,* petitioner, for herself.

*Anthony C. Busillo, II,* Assistant Attorney General, with him *James L. Crawford* and *Mary Teresa Gavigan,* Assistant Attorneys General, for respondent.

OPINION BY JUDGE MENCER, September 16, 1980:

The petitioner, Marjolaine Tin Nyo, seeks review of the refusal of the Pennsylvania Labor Relations Board (PLRB) to issue a complaint against the Pennsylvania Nures Association (PNA) based upon the petitioner's charge of unfair labor practices. We affirm that refusal.

The petitioner was furloughed by her employer, the Pennsylvania Department of Health, effective June 30, 1978. The petitioner unsuccessfully sought reinstatement through prescribed grievance procedures. She also filed an unfair labor practices charge (No. 11,527) against the PNA, her collective bargaining representative, alleging that it had wrongfully refused to support her during the grievance process.

The PLRB issued a complaint and heard evidence concerning the charge on July 31, 1978. On November 8, 1978, the petitioner filed a motion to amend the complaint, based on a claim of newly discovered evidence. On June 22, 1979, the PLRB issued a nisi decision and

order denying the motion to amend and dismissing the original complaint on the merits.

The petitioner did not file exceptions to the nisi decision and order. Rather, on June 28, 1979, the petitioner filed a new charge (No. 12,933) based on the facts alleged in the original complaint and the motion to amend. The PLRB refused to issue a new complaint on this charge, and the petitioner appealed from that refusal.

The PLRB contends that charge No. 12,933 is an attempt to attack collaterally the nisi decision and order of June 22, 1979 because it is based on the same allegations of fact. The petitioner agrees that the two charges arose from the same events but argues that the PLRB is estopped from asserting this as a reason for refusing to issue a complaint in No. 12,933 because of the PLRB's earlier refusal to permit the petitioner to amend the complaint in No. 11,527. While we sympathize with the petitioner's plight, we must disagree with her legal position.

Section 1302 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1302, provides, in pertinent part, that

[w]henever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board . . . shall have authority to issue and cause to be served upon such person a complaint, stating the charges in that respect. . . . Any such complaint may be amended by the board . . . at any time prior to the issuance of an order based thereon.

The petitioner initially sought to amend the original complaint under the provisions of Section 1302 of the PERA. When her motion to do so was denied, she had the opportunity to challenge that denial by filing exceptions. In *Pennsylvania Labor Relations Board v. Pennsylvania Social Services Local 668,* 23 Pa. Com-

monwealth Ct. 278, 351 A.2d 288 (1976), this court held that, where an unfair labor practices charge is dismissed by the PLRB and the complaining party does not file exceptions to the dismissal order, that complaining party cannot subsequently appeal the dismissal. *Id.* at 282, 351 A.2d at 290. Therefore, by failing to file exceptions to the denial of the motion to amend, the petitioner waived her right to appeal the issue. Instead, she attempted to file the second charge as a new proceeding.

Such a new proceeding, however, requires compliance with Section 1505 of the PERA, 43 P.S. §1101-.1505, which provides, in part, that "[n]o petition or charge shall be entertained which relates to acts which occurred or statements which were made more than four months prior to the filing of the petition or charge." While we are not prepared to hold that this four-month limitation cannot be tolled under circumstances in which the evidence to be put forward is not yet discovered, we are convinced that the statute bars a complainant from filing an unfair labor practices charge based upon evidence which has been in the complainant's possession for more than four months. Therefore, the petitioner did not file her new charge in timely fashion.

The petitioner argues that the PLRB has been estopped from invoking the four-month limitation of Section 1505 of the PERA by its failure to act on her motion to amend within four months of its having been filed. In support of this position, the petitioner relies on *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967), in which the Pennsylvania Supreme Court discussed at length the tolling of a statute of limitations by estoppel. It is clear from that discussion, however, that party will be estopped from invoking a statute of limitations only where he has induced the adverse party to relax his vigilance by some affirmative "fraud, de-

ception, or concealment of fact.'' *Id.* at 449, 227 A.2d at 835.

In the present case, the PLRB had no express duty to act within four months on the petitioner's motion to amend. The PLRB did have a duty to act with "speed and dispatch,'' Section 1305 of PERA, 43 P.S. §1101-.1305, but any breach of this duty which may have occurred could only be challenged in the initial proceeding; it cannot be raised on collateral attack. In either case, the failure to act did not constitute an affirmative fraud, deception, or concealment of fact, such that the petitioner was induced to relax her vigilance.

### ORDER

AND Now, this 16th day of September, 1980, the refusal of the Pennsylvania Labor Relations Board, on July 19, 1980, to file a complaint against the Pennsylvania Nurses Association on behalf of the petitioner, Marjolaine Tin Nyo, is hereby affirmed.