Montgomery County Lodge No. 14 Fraternal Order of Police and Deputy Sheriffs of Montgomery County *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Board of Commissioners of Montgomery County.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant.

Montgomery County Lodge No. 14 Fraternal Order of Police and Deputy Sheriffs of Montgomery County *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Board of Commissioners of Montgomery County.

Board of Commissioners of Montgomery County, Appellant.

Argued October 8, 1980, before Judges CRAIG, MAC-PHAIL and WILLIAMS, JR., sitting as a panel of three.

*Anthony Busillo,* Assistant Attorney General, with him *James L. Crawford* and *Donald A. Wallace,* for appellant, Pennsylvania Labor Relations Board.

*George P. Wood,* for appellant, Board of Commissioners of Montgomery County.

*J. Peirce Anderson,* with him *Brian P. Sullivan, Kane, Pugh, Anderson, Subers & McBrien,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 17, 1981:

The Pennsylvania Labor Relations Board (Board) and the Board of Commissioners of Montgomery County (Commissioners) appeal from an order of the Court of Common Pleas of Montgomery County directing the Board to conduct a hearing on the Petition for Representation filed by Montgomery County Lodge No. 14, Fraternal Order of Police (F.O.P.). In its Petition for Representation, the F.O.P. was seeking to represent a bargaining unit comprised of deputy sheriffs of Montgomery County. The Board conducted no hearing on the petition, but issued a Nisi Order of Dismissal after determining that the deputies did not constitute an appropriate bargaining unit. The F.O.P. and the deputies filed exceptions to that order but these were dismissed by the Board as being without merit, and the Nisi Order was made final. On appeal to the Court of Common Pleas of Montgomery County, the court ruled that the *basis* for the Board's decision in dismissing the Petition for Representation was not articulated in such a manner as to allow for "meaningful review" by the lower court on appeal. The court then directed the Board to conduct a hearing in order to determine the following: (1) what people comprise the unit defined as deputy sheriffs; (2) the size and function of the unit; (3) whether or not the

present unit is essentially the same unit certified as an appropriate bargaining unit in *Montgomery County Commissioners,* 8 P.P. Er. 199 (1977);[1] (4) whether any or all of the deputies fall into a category segregated for special treatment pursuant to the Public Employe Relations Act[2] (PERA); (5) if any or all of the deputies are guards, is the F.O.P. an appropriate representative; and does it also represent "non guards" as prohibited by Section 604(3) of the PERA;[3] (6) what community interests exist between the deputies and other county employees; and, finally, (7) whether certification of the deputies would lead to over-fragmentization.

The Board and the Commissioners then filed an appeal to this Court. The appellees responded by filing a Motion to Quash, contending that the order of the court below directing a remand is an interlocutory, and not a final order, and is, therefore, unappealable.

Appellants contend that the determination of the court below that the Board's decision did not allow for meaningful review must be viewed as a determination that the Board *abused its discretion* when it dismissed the Petition for Representation without a hearing. As such, they argue, the decision is a final determination and falls within the rationale of our recent decision in *Beaver Valley Intermediate Unit v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 69, 411 A.2d 1311 (1980). We held in that case that a lower court's determination that the Board had abused its discretion by not considering untimely filed exceptions to its Nisi Order, constituted a final determination. Such a final determination is appealable to this court on the abuse of discretion issue.

---

[1] As cited by the court below.

[2] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 *et seq.*

[3] 43 P.S. §1101.604(3).

Appellants argue that while the court below did not expressly state that the Board abused its discretion, this conclusion is clearly implied by the language preceding the courts holding:

> The Supreme Court of Pennsylvania has addressed the issue of what is necessary for 'meaningful review' in a somewhat analogous situation involving a Pa. L.R.B., determination. In Pennsylvania Soc. Serv. Local 668 v. Pa. L.R.B., 481 Pa. 81, 392 A.2d 256 (1978), the Pa. L.R.B. refused to issue a complaint against the Department of Public Welfare for alleged unfair labor practices following a 'charge' by D.P.W. employees. The Pa. L.R.B. held that the 'charge' failed to state a cause of action, and summarily refused to issue a complaint. The Supreme Court held that *'in order for review to be meaningful, the agency adjudication must contain statements of the reasons and basis for the decision which are sufficient to demonstrate to the appellate court that the adjudication was not an abuse of discretion. . . .'* Pennsylvania Soc. Serv. Local 668, 481 Pa. at 89, 392 A.2d at 260. (Emphasis supplied.)

Lower Court Opinion, pp. 3, 4.

We cannot agree with the Board that the lower court's ruling impliedly concludes that the Board abused its discretion. We read the decision of the lower court to mean that given the state of the record before it, the court is *unable* to make a determination on the abuse of discretion issue. The lower court's decision, therefore, cannot be regarded as a final determination of that question, and this case cannot be regarded as one falling within the rationale of the *Beaver Valley* case as an exception to the general rule that remand orders are interlocutory and, therefore, unappealable. Accordingly, we will grant appellees' Motion to Quash.

## Order

AND Now, this 17th day of March, 1981, the appellee's motion to quash the appeal to this Court as being an appeal from an interlocutory order, is hereby granted.