Darlene K. Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Respondents.

Argued September 10, 1984, before Judges WIL-LIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Richard Kirschner*, with him, *Darlene K. Thomas*, for petitioner.

*Kathryn Speaker MacNett*, with her, *James L. Crawford*, for respondent, Pennsylvania Labor Relations Board.

*Nathan C. Pringle, Jr.*, Assistant Counsel, with him, *John D. Raup*, Chief Counsel, for respondent, Commonwealth of Pennsylvania.

OPINION BY JUDGE WILLIAMS, JR., October 24, 1984:

Dr. Darlene K. Thomas (complainant) petitions for review of a Final Order of the Pennsylvania Labor Relations Board (Board) which dismissed her exceptions to the Proposed Decision and Order of the Hearing Examiner which dismissed her unfair labor prac-

tices charge against Lock Haven State College (employer) as being untimely filed in violation of Section 1505 of the Public Employe Relations Act.[1]

This complainant, an Associate Professor of Anthropology at the college for approximately ten years, was dismissed from the faculty on September 4, 1980 for refusing to teach an assigned course. She filed the unfair labor practice charge from which this case arises on April 26, 1982. On review, she contends that the statute of limitations of Section 1505 was tolled by her discovery of new evidence relating to her dismissal. She relies on an excerpt from a newspaper article published on March 19, 1982 concerning academic standards at the college[2] and upon informa-

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. 1101.1505, which provides as follows:

No petitions or charges involving questions arising under clause (2) of subsection (a) of section 1201 of Article XII shall relieve the board of determining any questions arising under sections 603, 604 and 605 of Article VI immediately, and in their regular and normal order, and the making of a certification thereof if such is warranted. No petition on charge shall be entertained which relates to acts which occurred or statements which were made more than four months prior to the filing of the petition or charge.

[2] In the March 19, 1982 edition of the *Lock Haven Express*, there appeared an article which contained the following:

According to vice-president for Academic Affairs John L. Zaharis and other administrators, the college will have an all out battle with the education department concerning the potential of LHSC's graduate program.

Recently, the state shot down the idea, saying that the schools [sic] standards were not tough enough when it came to implementing the program. Zaharis disagrees and said the college is prepared and can handle the graduate program, adding that by the state not making a definite decision the process is being held up.

tion which she received on December 21, 1982 concerning alleged disparate treatment of another professor. She also contends that she was prejudiced by the bifurcation of her hearing by the Hearing Examiner.

In reviewing a decision by the board, our scope of review is limited to determining whether the findings of fact are supported by substantial evidence and whether the conclusions drawn from those findings are reasonable and not arbitrary, capricious or incorrect as a matter of law. *Joint Bargaining Committee of the Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board,* 68 Pa. Commonwealth Ct. 307, 449 A.2d 96 (1982).

We will first address complainant's argument on the bifurcation of the hearing. In cases involving other administrative agencies, we have held that the timeliness of an appeal goes to subject matter jurisdiction. *See Baker v. Pennsylvania Human Relations Commission,* 75 Pa. Commonwealth Ct. 296, 462 A.2d 881 (1983) and *DiIenno v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 496, 429 A.2d 1288 (1981). We regard the statute of limitations in Section 1505 in the same manner. The merits of the case were examined only to the extent necessary to determine whether the statute of limitations should be tolled. Furthermore, our review of the record herein reveals that the Hearing Examiner exercised due care in directing complainant's testimony to the timeliness issue while according her sufficient latitude so as not to unfairly restrict her in the presentation of her case. Consequently, we conclude that complainant was not prejudiced by the bifurcated hearing and that such a procedure is proper when the timeliness of the unfair labor practices charge is an issue.

Turning to the remaining question, we find no merit in complainant's argument. As we held in *Nyo v. Pennsylvania Labor Relations Board*, 53 Pa. Commonwealth Ct. 646, 419 A.2d 244 (1980), the four-month statute of limitations in Section 1505 bars a complainant from filing an unfair labor practice charge based upon evidence which has been in the complainant's possession for more than four months. Here, the only new evidence as to the alleged anti-union animus in her dismissal proffered by complainant is the newspaper article and the allegation of disparate treatment in the fall semester of 1982 of another professor, who was not a union member and who was not dismissed for conduct allegedly similar to that which caused complainant's dismissal.

We have carefully examined the newspaper article and must agree with the board that the statements contained therein bear no relationship to complainant's dismissal. Consequently, the statute of limitations cannot be tolled on basis of such evidence. Nor can we accept complainant's allegations of disparate treatment to toll the statute in this case. These allegations were the basis of a separate, although related, unfair labor practice charge filed by the complainant with the board on January 11, 1983. On May 11, 1983, the board issued a Final Order on this charge declining to issue a complaint. Complainant did not appeal the board's May 11, 1983 order and no claim relative to disparate treatment was included in complainant's charge in the instant matter. Therefore, we cannot consider such information on the question of tolling the statute of limitations here.

Accordingly, we must conclude that complainant's charge was not filed within the statutory period and must affirm the board's Final Order.

572

## ORDER

AND Now, this 24th day of October, 1984, the Final Order of the Pennsylvania Labor Relations Board, No. PERA-C-82-257-E, is hereby affirmed.