505 A.2d 1068

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Northeastern Educational Intermediate Unit No. 19, Appellee.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*James L. Crawford,* with him, *Kathryn Speaker MacNett,* for appellant.

*James A. Kelly,* for appellee.

*Michael Brodie, Freedman and Lorry,* for intervenor, Lackawanna County Vocational-Technical Federation of Teachers.

OPINION BY JUDGE BARRY, March 4, 1986:

This is an appeal by the Pennsylvania Labor Relations Board (Board) of an order of the Court of Common Pleas of Lackawanna County. The court remanded to the Board ordering it to consider exceptions filed by the appellee, Northeastern Intermediate Unit of Lackawanna County (NEIU), which the Board had dismissed for untimeliness.

The facts are as follows: The appellee furloughed two teachers (John Mederick and Jay Featherall) allegedly because of a cut in the federal funding which subsidized the vocational program under which the teachers were employed. The teachers filed a complaint with the Board. The Board found the appellee guilty of anti-union animus and unfair labor practices. The appellee filed exceptions and a motion to reopen

the hearing upon newly discovered evidence. The proposed decision and order of the hearing examiner was issued on April 1, 1983, and exceptions were postmarked April 22, 1983, beyond the twenty day statutory period.[1] The Board dismissed the exceptions for untimeliness and the appellee appealed to the Lackawanna County Common Pleas Court which determined that the Board had abused its discretion. The court then remanded to the Board. The trial court reasoned that the hearing examiner had improperly lulled the appellee into believing that a second proceeding dealing solely with the issue of remedies would follow and then foreclosed that possibility when he issued his proposed decision and order which, in accord with the language of the order, became the final order if not excepted to within twenty days. The following is the exchange which occurred between the hearing examiner giving rise to appellee's claim:

HEARING EXAMINER WALLACE: There is no need to get into remedies at this point. We don't get into remedies until after the Order goes out. If there is an unfair practice found, then we will worry about the remedies.

MR. KELLY: You tie all this in?

HEARING EXAMINER WALLACE: We will have a second hearing just on remedies, if that would be necessary.

MR. KELLY: Let us state on the record that if there is any suggestion as to this man's employment or gainful employment or earning power during this period of time that we would want a second hearing on it.

HEARING EXAMINER WALLACE: Oftentimes, it comes to the point where we do need a hearing on whether or not somebody

---

[1] 34 Pa. Code §95.98.

tried to get work in the meantime to reduce the back pay liability.

MR. KELLY: So, that is the procedure of the Board you are telling me?

The court concluded that the hearing examiner denied the appellee a full hearing by creating a mistaken assumption on appellee's part that there would be a second hearing. The court found that the Board had abused its discretion in not considering the exceptions, because appellee had justifiably delayed in filing exceptions.

We agree with the trial court that the Board abused its discretion and affirm.

The trial court's standard of review is set out in *In Re Petition of Acchione*, 425 Pa. 23, 30, 227 A.2d 816, 820 (1967), and cited more recently in *Pennsylvania Social Services Union, Local 668 v. Pennsylvania Labor Relations Board*, 481 Pa. 81, 88-89, 392 A.2d 256, 259 (1978):

Having found that there is a right to appeal, we must apply the appropriate standard of review of the Labor Board's discretionary action.

. . . .

In determining this appeal we bear in mind certain established legal principles: . . .. courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of

whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; judicial discretion may not be substituted for administrative discretion.

In *Beaver Valley Intermediate Unit No. 27 v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 69, 411 A.2d 1311 (1980), the Beaver Valley Intermediate Unit No. 27 filed a petition with the Board which sought to designate certain employees as within a particular bargaining unit. The petitioner excepted to the Board's unfavorable findings but the Board dismissed the exceptions due to untimely filing. We found that the trial court did not commit an error of law when it determined that there was an abuse of discretion. The Board attempts to distinguish this case from *Beaver Valley* because here we have a time limit set by regulation for filing exceptions whereas in *Beaver Valley* there was no applicable statute at that time and the Board itself in its order set the time by which exceptions had to be filed. We think this distinction is meaningless. In essence, the *Beaver Valley* decision stands for the proposition that if the Board creates regulations which grant to itself the discretion to make exceptions to filing requirements it cannot then argue that the time limit set by statute is etched in stone.

Pursuant to the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. §1101.101, which grants the Board the authority to promulgate regulations in this area, the Board enacted Rule 95.98 which states in part:

(a) *Exceptions to a hearing examiner decision.* Filing of statements of exceptions to a hearing

examiner decision will be conducted as follows:
(1) A party may file within 20 days of the date of issuance with the Board an original and four copies of—and with the hearing examiner one copy of—a statement of exceptions. . . . Exceptions will be deemed received upon actual receipt or on the date deposited in the United States mail, as shown on the United States Postal Form 3817 Certificate of Mailing enclosed with the statement of exceptions. . . .

. . . .

(b) *Failure to file exceptions.* When no exceptions are filed to a proposed decision, it will become final upon the expiration of 20 days from the date of issuance.

Section 95.42 of Pa. Code 34 related to Filing Of Papers sets forth in part the following:

(a) When the act, any of the provisions of this chapter or any order of the Board requires the filing of a motion, brief, exception, or other paper in any proceeding, such document shall be received by the Board or the officer or agent designated by the Board to receive such document before the close of business of the last day of the time limit, if any, for such filing. *Any exceptions to this requirement will be at the discretion of the Board.* (Emphasis added.)

We understand the necessity for strict time requirements for filing exceptions, however, certain circumstances require individual consideration. In *Beaver Valley,* the record showed that the exceptions were actually timely filed but not timely received. It was a classic example of a situation in which discretion could have and should have been exercised in favor of the petitioner.

Similarly, in the case before us, the Board had the power to hear the exceptions and its failure to do so

despite the actions of its own hearing examiner in contributing to the late filing is, as a matter of law, adequate to support the lower court's finding of abuse of discretion.

As far as the motion to reopen to present newly discovered evidence is concerned, 1 Pa. Code 35.231 provides as follows:

§35.231. *Reopening on application of party.*

(a) *Petition to reopen.* At any time after the conclusion of a hearing in a proceeding or adjournment thereof *sine die,* any participant in the proceeding may file with the presiding officer, if before issuance by the presiding officer of a proposed report, otherwise with the agency head, a petition to reopen the proceeding for the purpose of taking additional evidence. *Such petition shall set forth clearly the facts claimed to constitute grounds requiring reopening of the proceeding, including material changes of fact or of law alleged to have occurred since the conclusion of the hearing.* (Emphasis added.)

The relevant case law is clear: "An application for rehearing may be refused where it is not apparent that the evidence which the applicant proposes to adduce was not available at the original hearing." *Asplundh Tree Expert Company v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 7, 10, 470 A.2d 1097, 1098 (1984). We have already determined that the denial of the motion for untimeliness was improper; however, the hearing examiner denied the motion to reopen on different grounds. The hearing examiner concluded that since there was no indication that the evidence the appellee was seeking to introduce into the record was not available at the time of the hearing he acted properly in dismissing the motion to reopen. On page 3 of the findings the hearing examiner states:

> [T]here is no indication that the evidence the Employer is seeking to introduce into the record was not available at the time of the hearing. . . . The evidence the Employer intends to offer was available and susceptible of production long before the Hearing Examiner's Order was issued.
>
> Further, if, as alleged, the Employer was surprised by the testimony of Mr. Collins, it had the option of requesting that the Hearing Examiner continue the hearing to a later date so as to allow the Employer an opportunity to further investigate the incident. . . .

Accordingly, the hearing examiner dismissed the motion to reopen. He failed, however, to apply the correct test. The trial court, without ever addressing in its opinion the issue of whether the hearing examiner abused his discretion in doing so, reversed and remanded and directed the Board to reopen the hearing to admit the newly discovered evidence. We remand to the trial court for specific findings of fact, bearing in mind its responsibilities under *Pennsylvania Social Services Union* on the question whether the hearing officer abused his discretion in making such a finding. Critical to this decision is a determination whether the hearing officer ignored any indication in the respondent's motion to reopen concerning the availability of the proposed additional evidence at the time of the original proceeding.

### ORDER

Now, March 4, 1986, the portion of the order of the Lackawanna County Court of Common Pleas of June 22, 1984, which remands the record to the Board to consider the exceptions filed by Northeastern Intermediate Unit is affirmed. The portion of that order granting Northeastern Intermediate Unit's motion to re-

open based upon newly discovered evidence is remanded to the court for specific factual findings consistent with this opinion.

Jurisdiction relinquished to the Lackawanna County Court of Common Pleas.