553 A.2d 469

Fraternal Order of Police, Fort Pitt Lodge No. 1, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued March 22, 1988, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Anthony C. Busillo, II,* for petitioner.

*Arlene F. Klinedinst,* Assistant Counsel, with her, *James L. Crawford,* Chief Counsel, for respondent.

*Joseph F. Quinn,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for intervenor, City of Pittsburgh.

OPINION BY JUDGE DOYLE, July 22, 1988:

The Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP) petitions for review of an order of the Pennsylvania Labor Relations Board (Board) which dismissed unfair labor practice charges filed by the FOP against the City of Pittsburgh (City) on the dual bases that the FOP had not filed timely exceptions to the Hearing Examiner's decision, and that in any event, the FOP was not entitled to any relief on the merits. We affirm on the grounds that the FOP failed to file timely exceptions to the Hearing Examiner's decision.

The essential facts are that in November, 1984, the City began a reorganization of its police, fire and emergency service departments. As part of the police reorganization, the City began a "civilianization" program under which police officers performing clerical and administrative duties were reassigned to patrol duties and were replaced by civilian employees of the Pittsburgh Police Department. The transfer under this program began on May 13, 1985 and continued through the next two months.

On June 3, 1985, the FOP filed unfair labor practice charges against the City alleging that the transfers violated Sections 6(1)(a), 6(1)(c), and 6(1)(e) of the Pennsylvania Labor Relations Act (PLRA)[1]. At the same time, the FOP filed an equity action in the Court of Common Pleas of Allegheny County seeking to restrain the transfers

---

[1] Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.6(1)(a), 211.6(1)(c), 211.6(1)(e).

pending a decision by the Board. After a hearing on the equity matter in the common pleas court, the FOP and City agreed to submit the transfer issue to grievance arbitration. The Board then stayed further proceedings pending the arbitrator's decision. The grievance was denied in January, 1986.

In March, 1986, the City also undertook a reorganization of its river patrol, whereby one of the police officers assigned to each of the unit's boats was transferred and replaced by two paramedics. Again, the FOP filed unfair labor practice charges alleging these new transfers violated Sections 6(1)(a), 6(1)(c), and 6(1)(e) of the Act. These new charges were consolidated with the 1985 charges.

In a pre-hearing ruling on June 25, 1986, the Hearing Examiner deferred to the arbitrator's decision on the Section 6(1)(e) charges relating to the 1985 transfer of police officers from clerical duties. The Hearing Examiner subsequently conducted a hearing on all the remaining charges and issued a proposed decision and order on October 14, 1986, which upheld his pre-trial ruling and dismissed all remaining charges on the merits.

The FOP filed exceptions to the Hearing Examiner's decision on November 5, 1986. On February 17, 1987, the Board concluded that the FOP's exceptions were untimely filed. The Board found in pertinent part that:

The Hearing Examiner's PDO [preliminary decision and order] was issued on October 14, 1986. 34 Pa. Code §95.98(a)(1) provides twenty (20) days to file exceptions. The twentieth and final day for filing exceptions in this case was November 3, 1986. November 3, 1986 was neither a Saturday, a Sunday, nor a holiday. The FOP's exceptions were received at the Board on Wednesday, November 5, 1986, in an envelope with an address

label addressed to the Board with the preprinted return address of its attorney and a printed notation on the envelope indicating "First Class Mail." There was no notation, stamp or cancellation on the envelope to indicate that it had been through the United States Postal Service. There was no Postal Form 3817 enclosed nor an imprint from a postage metering system to indicate that the envelope had been timely mailed. Although the Pa. Code provides that timeliness is determined by Form 3817 or actual receipt, the Board has allowed dated postal service or postage meter cancellation stamps to serve as proof of timely mailing. *See e.g.* Homer-Center School District, 12 PPER 12169. In the absence of any of these acceptable indicia of timeliness, the Board finds the Exceptions to be untimely.

Board opinion at 4 (footnotes omitted). Alternatively, the Board held the Hearing Examiner's decision was correct on the merits. This appeal followed.

The relevant regulation in this case is 34 Pa. Code 95.98(a)(1), which pertinently provides:

A party may file within twenty (20) days of the date of issuance with the Board an original and four copies of—and with the hearing examiner one copy of—a statement of exceptions and a supporting brief to a proposed decision and order. ... Exceptions shall be deemed received upon actual receipt or on the date deposited in the United States Mail, as shown on a United States Postal Form 3817 Certificate of Mailing enclosed with the statement of exceptions.

In addition to the above quoted procedures, the Board, as it indicated in its opinion, will also deem exceptions to

be "filed" as of the date the exceptions are postmarked as cancelled by a postage meter as this has been held to be substantial compliance with the Board's filing requirements. *See Beaver Valley Intermediate Unit v. Pennsylvania Labor Relations Board,* 50 Pa. Commonwealth Ct. 69, 411 A.2d 1311 (1980). The effect of failing to file exceptions to the Hearing Examiner's proposed decision is to confirm the decision and waive any further review of the merits of that decision, *Shannon v. Pennsylvania Labor Relations Board,* 27 Pa. Commonwealth Ct. 306, 367 A.2d 734 (1976), except when extraordinary circumstances warrant the Board's waiving the twenty-day filing requirement for exceptions. *See* 34 Pa. Code §95.42(a); *Pennsylvania Labor Relations Board v. Northeastern Education Intermediate Unit No. 19,* 95 Pa. Commonwealth Ct. 361, 505 A.2d 1068 (1986).

The FOP's exceptions in this case were received by the Board on November 5, 1986, two days after the expiration of the twenty-day filing period mandated by 34 Pa. Code 95.98(a)(1). The envelope did not bear any notation, stamp or cancellation to indicate whether it had been through the U.S. Postal Service. Further the envelope did not have a "cancellation" from a private postal meter or have enclosed within it U.S. Postal Form 3817 to indicate the envelope had been timely mailed. The Board could reasonably find that the FOP's exceptions were untimely filed, and the FOP does not challenge this finding on appeal. Further, the Board's use of local post offices as filing offices and its use of U.S. Postal Form 3817 is reasonable and in accord with generally accepted filing standards, as 34 Pa. Code §95.98(a)(1) is patterned after the filing requirements contained in Pa. R.A.P 1101. Thus, the requirements of 34 Pa. Code §95.98(a)(1) cannot be said to be "entirely at odds with fundamental principles" or "whimsical," and are, therefore, valid. *Hos-*

*pital Association of Pennsylvania v. Bachman,* 40 Pa. Commonwealth Ct. 262, 265-66, 397 A.2d 65, 66 (1979).[2]

Order affirmed.

## ORDER

NOW, July 22, 1988, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.

---

[2] The fact that the Board also chose to address the merits in this case does not waive its reliance upon 34 Pa. Code, §95.98(a)(1), as each is a separate and independent ground for the decision. Indeed, the practice employed by the Board here, that of addressing the merits of a case should its decision on a jurisdictional aspect of the case be reversed on appeal, is remarkably similar to a practice employed by this Court. *See, e.g., Schuylkill County Tax Claim Bureau v. Tremont Township,* 104 Pa. Commonwealth Ct. 338, 522 A.2d 102 (1987).