**INDEPENDENT STATE STORE UNION, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2010.

Decided Jan. 27, 2011.

Publication Ordered April 4, 2011.

Richardson T. Eagen, Harrisburg, for petitioner.

John B. Neurohr and Warren R. Mowery, Jr., Harrisburg, for respondent.

Patricia J. Goldband, Deputy Chief Counsel, Harrisburg, for intervenor Pennsylvania Liquor Control Board.

BEFORE: COHN JUBELIRER,
Judge, and LEAVITT, Judge, and
BUTLER, Judge.

OPINION BY Judge LEAVITT.

The Independent State Store Union (Union) petitions for review of an adjudication of the Pennsylvania Labor Relations Board (Board) dismissing its complaint of an unfair labor practice by the Pennsylvania Liquor Control Board (LCB). The Board dismissed the Union's complaint for the stated reasons that it failed to state a claim when first filed and, further, that the Union's effort to amend its complaint was untimely. Concluding that the Board did not err, we affirm.

On May 23, 2008, the Union filed a charge of unfair labor practices with the Board, alleging that the LCB violated the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301 (Act). The Union alleged that its contract with the LCB governed the assignment of employees to a state liquor store that experienced a classification, or grade, change because of an increase in sales.[1] An upward classification for a store also upgrades the classification of the store's employees and results in a commensurate increase in compensation. On January 25, 2008, Robert E. Koch, Director of Human Resources for the LCB, notified the Union by letter that the LCB was implementing a change in policy. Specifically, Koch's letter explained that when a store underwent an upward classification, employees at that store would be promoted. Vacancies at the upgraded store would be created where the affected employee chose not to be promoted.

The complaint asserted that as a result of the LCB's new policy, Union members would be denied the ability to request a lateral transfer to a store undergoing an upward classification. *See* R.R. 3a–6a. The Union alleged that the LCB's new policy violated Sections 1201(a)(1), (5), and (9) of the Public Employe Relations Act, which state, in relevant part, as follows:

(a) Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

\* \* \*

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

\* \* \*

(9) Refusing to comply with the requirements of "meet and discuss."

43 P.S. § 1101.1201.

On June 10, 2008, the Board notified the Union that it would not issue a complaint against the LCB. The Board reasoned that the Act's meet and discuss require-

---

1. Liquor stores throughout the Commonwealth are classified by the number of bottles sold per store. The classifications range from 1–A up to 4. At least once a year the LCB reclassifies stores based on the number of units sold. The classification of the store determines the employees' classification. For example, a general manager position begins at General Manager 1–A and goes up from there. Thus, a Grade 1–A store will be managed by a General Manager 1–A. Before the LCB's policy change, when a store moved from a Grade 1–A to 1–B classification, then a vacancy would be created for a General Manager 1–B position. Under the new LCB policy, the General Manager 1–A would be eligible for a promotion to General Manager 1–B, so that no vacancy would be created. Reproduced Record at 23a–24a. (R.R. ——).

ment applies only where an employer has been asked to meet and discuss, and the Union did not allege it had made this request of the LCB. Board also explained that the Union did not allege any facts to support its assertion that the LCB's policy change interfered with, restrained or coerced the Union's member employees.[2]

On June 30, 2008, the Union filed exceptions to the Board's dismissal. In its exceptions, the Union alleged, *inter alia*, that Koch's letter asserted that the policy change was prompted by two adjudications of the Civil Service Commission requiring the LCB to interview at least three of the highest scoring individuals for exam-based promotions and to consider all eligible applicants for non-exam based promotions.[3] The Union alleged that the LCB revised its policy in retaliation for the success of Union members in the Civil Service Commission proceedings. Finally, the Union alleged in its exceptions that it had, in fact, requested a meet and discuss with the LCB on the new policy. The Union argued that these new factual averments, which had not appeared in its original complaint, set forth a cause of action.

On October 21, 2008, the Board remanded the matter for the issuance of a complaint. The Board limited the scope of the complaint to a determination of whether the LCB had violated Sections 1201(a)(1) and (9) of the Act. The Board based this decision upon the Union's allegations that the LCB (1) had refused its request to meet and discuss and (2) had instituted its new policy to retaliate against the Union members who had instituted the Civil Service litigation against the LCB. The Board's remand order expressly provided that its "remand shall not be construed . . . as a determination that the June 10, 2008, decision of the Secretary was in error." R.R. 17a.

Upon conclusion of the remand hearing, the Hearing Examiner issued a proposed decision. He held that the Union's initial filing did not state a claim but that the factual averments in the Union's exceptions did make out a valid claim. The Hearing Examiner concluded that the LCB's new policy was retaliatory and, as such, violated the Act.

The LCB filed exceptions. It argued, *inter alia*, that by holding that the Union failed to present a cause of action in its initial complaint the Hearing Examiner foreclosed the Board's authority to act. The LCB also argued that the factual allegations raised in the Union's exceptions were not timely presented and, thus, could not be considered by the Board in evaluating whether the Union had presented a valid claim under the Act. The Board agreed with the LCB.

2. Specifically, the Board stated:
you have not alleged facts that would support an independent violation of Section 1201(a)(1). As any violation of clause (1) would be a derivative violation of clauses (5) or (9), no claim under Section 1201(a)(1) was stated. Accordingly, no complaint will be issued and your charge is dismissed.
R.R. 7a.

3. In *Rupert v. PLCB*, Pa. Civil Service Appeal No. 25273 (11/8/07), the Civil Service Commission ordered the LCB to abide by the "Rule of Three" when promoting individuals based upon examination scores. R.R. 99a.

Under the Rule of Three, the LCB was required to interview the three highest scoring individuals applying for a position. *Id.* at 95a, n. 5. Similarly, in *Trittenbach v. PLCB*, Pa. Civil Service Appeal No. 25322 (11/14/07), the Civil Service Commission ordered the LCB to consider all employees who had applied for a promotion not filled by examination, regardless of where they currently worked. Prior to the *Trittenbach* decision, the LCB had a practice of only considering employees working in the county where a vacancy occurred for promotion to that position.

The Board held that the Union's initial complaint did not allege facts to show retaliation. Specifically, the original complaint did not allege that the LCB's transfer policy was, in any way, related to the Civil Service Commission adjudications. The Union's exceptions did contain factual allegations sufficient to show retaliation, but they were not presented until June 30, 2008, more than four months after the Union first filed charges. The Act, however, requires a union to file a complaint within four months of learning of the public employer's unfair labor practice. The Union now seeks this Court's review.[4]

On appeal, the Union argues that the Board erred. First, it argues that the Union's initial complaint did allege facts sufficient to state a claim that the LCB had violated the Act. Second, it argues that the LCB's January 25, 2008, letter on its new policy specifically stated that the policy change resulted from two Civil Service Commission adjudications. Accordingly, the Union argues that it made out a retaliation claim in its initial complaint.

4. When reviewing a final order of the Board our scope of review is plenary, and is limited to determining whether there has been a violation of constitutional rights, an error of law, procedural irregularity, or whether the findings of the agency are supported by substantial evidence. *Borough of Ellwood City v. Pennsylvania Labor Relations Board,* —— Pa. ——, 998 A.2d 589, 594 (2010). Moreover, it is well-settled that when reviewing the decision of an administrative agency the agency's interpretation of a governing statute will be given controlling weight unless it is clearly erroneous. *Id.*

5. It states:

Petitions and charges shall set forth fully and specifically all the information and facts required by the act, the rules and the forms supplied by the Board. *The Board may, upon a failure to comply with this section, dismiss the petition or charge without further proceedings.*
34 Pa.Code § 95.37 (emphasis added).

We begin with a review of the procedural requirements for presenting a complaint of unfair labor practices to the Board. Such complaints must include, *inter alia,*

(3) A *clear and concise statement of the facts constituting the alleged unfair practice,* including the names of the individuals involved in the alleged unfair practice, the time, place of occurrence and nature of each particular act alleged, and reference to the specific provisions of the act alleged to have been violated.

34 Pa.Code § 95.31(b)(3) (emphasis added). The Board's regulation further provides that if the complaint does not *"fully and specifically"* contain *"all the information and facts required"* the Board may dismiss the complaint. 34 Pa.Code § 95.37 (emphasis added).[5] Where the Board dismisses a complaint, that decision may be challenged in exceptions so long as no reference is made *"to any matter not contained in the record of the case."* 34 Pa.Code § 95.98(a)(2) (emphasis added).[6]

6. Section 95.98(a) states:
(a) Exceptions to a hearing examiner decision. Filing of statements of exceptions to a hearing examiner decision will be as follows:
(1) A party may file with the Board within 20–calendar days of the date of issuance with the Board an original and four copies of a statement of exceptions and a supporting brief to a proposed decision issued under § 95.91(k)(1) (relating to hearings) ... Exceptions will be deemed received upon actual receipt or on the date deposited in the United States mail ... The statement of exceptions shall:
(i) State the specific issues of procedure, fact or law, or other portion of the proposed decision to which each exception is taken.
(ii) Identify the page or part of the decision to which each exception is taken.
(iii) Where possible, designate by page citation or exhibit number the portions of the record relied upon for each exception.

Notably, this Court has construed Section 95.98(a)(2) to preclude "the filing of *exceptions* based on factual findings ... which were not considered by the hearing examiner." *American Federation of State, County and Municipal Employees, Council 13 v. Pennsylvania Labor Relations Board*, 100 Pa.Cmwlth. 50, 514 A.2d 255, 259 (1986) (emphasis in original).[7] Finally, the Act contains a strict statute of limitations. Section 1505 provides that "[n]o petition or charge shall be entertained which relates to acts which occurred or statements which were made more than four months prior to the filing of the petition or charge." 43 P.S. § 1101.1505. *See Nyo v. Pennsylvania Labor Relations Board*, 53 Pa.Cmwlth. 646, 419 A.2d 244, 246 (1980) (plaintiff is barred from pursuing an unfair labor practice claim with the Board where he had possession of supporting evidence for more than four months).

■ In sum, a claim of unfair labor practices must be presented within four months of the occurrence of those practices. In evaluating exceptions to a Board's decision to dismiss a complaint, the Board may only consider the facts presented in the dismissed complaint.

The Union argues that the Board, like any administrative agency, is not bound to the strict pleading standards that govern court proceedings. It argues that the allegations in its initial complaint were adequate to state a cause of action and, further, they were timely presented. In this argument, the Union relies on the Board's decision in *Youngwood Borough Police Department v. Youngwood Borough*, 17 PPER ¶ 17039 (Order Directing Remand to Hearing Examiner for Further Proceedings, 1986).

In *Youngwood Borough*, the Board relied upon this Court's decision in *Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations*, 4 Pa.Cmwlth. 448, 287 A.2d 161 (1972), for the proposition that pleadings in administrative proceedings should be judged using a "fairness test" rather than the more onerous requirements applicable in ordinary court proceedings. Here, the Union argues that it would be unfair to divest it of a remedy where the Hearing Examiner ultimately concluded that the LCB had violated the Act.

At issue in *Pittsburgh Press* was a complaint, presented to the Human Relations Commission, alleging that the newspaper's advertisement of employment opportunities by gender was discriminatory. *Pittsburgh Press*, 287 A.2d at 163. We held that the facts about the advertisement were sufficient to state a claim of sex discrimination. On the other hand, our Supreme Court has clarified that facts must be pled to present a claim of discrimination. In *Pennsylvania Human Relations Commission v. United States Steel Corp., American Bridge Division*, 458 Pa. 559, 562–563, 325 A.2d 910, 912 (1974), the complaint stated, in conclusory fashion, that the employer had committed discrimination and cited to the relevant provision

(iv) State the grounds for each exception. (2) No reference may be made in the statement of exceptions to any matter not contained in the record of the case. (3) An exception not specifically raised shall be waived. (4) The party shall, concurrent with its filing of the statement of exceptions and supporting brief, serve a copy of the same upon each party to the proceeding. Proof of service shall be filed with the Board.

34 Pa.Code § 95.98(a).

7. *American Federation of State, County and Municipal Employees, Council 13* considered exceptions filed to a hearing examiner's dismissal, but the regulation's prohibition applies with equal force to exceptions filed to a Board's determination.

of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 1333, *as amended,* 43 P.S. § 951–963. The Supreme Court held that a complaint that simply cited the prohibition against discrimination, without supporting facts, was inadequate to state a cause of action.

 The more relaxed rule for pleadings in an administrative proceeding does not mean that a litigant is relieved of the duty to present facts sufficient to demonstrate the purported violation. Here, the Union identified a change in the LCB's transfer policy, but it did not explain, by factual averments, how that policy change violated the Act. The Union's complaint referred to the LCB's January 2008 letter, but it did not attach the letter. While the Union may believe that the reference to the letter was sufficient to put the LCB on notice of the Union's complaint, an oblique reference to a relevant document is not a substitute for factual allegations. The regulations require a "clear and concise statement of the facts constituting the alleged unfair practice" that fully details the unfair practice. 34 Pa.Code § 95.31(b)(3); *see also* 34 Pa.Code § 95.37. The regulations require that the Board be able to judge the viability of the request for enforcement from the face of the document. The Union's initial complaint did not meet this test.

 Further, the Union cannot use exceptions to present facts that should have been presented in its initial filing. *American Federation of State, County and Municipal Employees, Council 13,* 514 A.2d at 259. Here, the Union may not present facts in its possession at the time of its initial complaint, but not included therein, after the four month statute of limitations has run. *See Nyo,* 419 A.2d at 246. Accordingly, the Board properly constrained its review of the adequacy of the Union's charges to its initial filing.

For the above-stated reasons, we affirm the Board.

### ORDER

AND NOW, this 27th day of January, 2011, the order of the Pennsylvania Labor Relations Board, dated May 18, 2010, in the above-captioned matter is hereby AFFIRMED.