Professional and Public Service Employees Union Local 1300, Appellant *v.* Frank J. Trinisewski, Jr., James Phillips and Frank P. Crossin, Jr., as Commissioners of Luzerne County, and the County of Luzerne, Luzerne County Courthouse, Wilkes-Barre, Pennsylvania, Appellees.

Argued November 15, 1985, before Judges MAC-PHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Aaron M. Matte,* for appellant.

*Richard M. Goldberg,* County Solicitor, for appellees.

OPINION BY JUDGE MACPHAIL, January 30, 1986:

Professional and Public Service Employees Union Local 1300 (Union) appeals from an order of the Court of Common Pleas of Luzerne County granting motion for summary judgment in favor of the Appellees. We will affirm.

The necessary material facts of this case are clear from the pleadings and are not in dispute. The Appellees are the three County Commissioners of Luzerne County and Luzerne County (County). On November 29, 1983, the Union sent a letter to Commissioner Edward A. Brominski, who is no longer a Commissioner, requesting that the County recognize the Union as the bargaining agent for "First-line supervisors and their secretaries in the County of Luzerne." The letter also informed Commissioner Brominski that the Union had "over 50% of the signed authorization cards from these employee's [sic]."

On December 7, 1983, in a letter signed by two of the then County Commissioners, Edward A. Brominski and Frank P. Crossin, the County advised the Union that the County had recognized it as the exclusive bargaining representative. The Union and the Com-

missioners then in office entered into two written agreements on December 21, 1983, covering wages, hours and working conditions. The Commissioners who succeeded Messrs. Brominski and Crossin adopted a resolution on January 3, 1984, declaring the recognition of the Union and the agreements executed by the former Commissioners with the Union to be "null, void and invalid." The new Commissioners have also refused to honor grievances of two discharged employees, such grievances having been filed pursuant to the agreements of December 21, 1983.

On January 27, 1984, the Union filed a "Complaint in Specific Performance" whereby it asked that the County be commanded to specifically perform all the clauses of the agreements, that it pay all money due under the agreements with interest, and that such other legal and/or equitable relief as the Court may deem necessary or appropriate be awarded. An answer, along with new matter, was filed by the Appellees to which the Union replied. The Appellees then filed a motion for summary judgment.

The Common Pleas Court used the proper standard in considering the motion for summary judgment. It noted that the provisions and criteria for entering a summary judgment are found in Pa. R.C.P. No. 1035, made applicable to equity actions by virtue of Pa. R.C.P. No. 1501. It also correctly noted that summary judgment is to be entered if the pleadings, depositions, answers to interrogatories, admissions, together with supporting affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bollinger v. Palmerton Area Communities Endeavor, Inc.*, 241 Pa. Superior Ct. 341, 361 A.2d 676 (1976).

The Union's first argument is that the Common Pleas Court's ruling was a determination that an un-

fair labor practice had been committed by the Union in that the Court ruled that the Union was not a proper bargaining representative for the employees. The Union argues that the Court had no jurisdiction to rule on this issue because exclusive jurisdiction for determinations of unfair labor practices is vested in the Pennsylvania Labor Relations Board (Board). *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976); Section 1301 of the Public Employe Relations Act (PERA).[1]

It is not clear if this issue was raised by the Union below. The Common Pleas Court opinion does not discuss jurisdiction. Nevertheless, we will consider the issue. As a general rule, an appellate court will refuse to consider matters which were not raised in the court below, but such rule does not apply where questions of jurisdiction are involved.[2] *Muse-Art Corp. v. City of Philadelphia*, 373 Pa. 329, 95 A.2d 542

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1301. That section reads as follows:

The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise. (Footnote omitted.)

[2] The *Appellees* did raise the jurisdiction issue below. In their new matter they stated:

5. Plaintiff [Union] has not sought any remedy or assistance from the Pennsylvania Labor Relations Board in the matter which it seeks specific performance from this Honorable Court.

6. This Honorable Court lacks jurisdiction over the subject matter of this lawsuit in that the remedy is administrative in nature and should be handled by the Pennsylvania Labor Relations Board.

The Union answered these paragraphs in this manner:

5. Denied. It is denied that Plaintiff seeks any remedy or assistance from the Pennsylvania Labor Relations Board.

(1953); *Haagen v. Patton,* 193 Pa. Superior Ct. 186, 164 A.2d 33 (1960).

We find that the Common Pleas Court did have the jurisdiction to grant summary judgment in this case. Where a matter does not fall within the list of unfair labor practices found listed in Section 1201 of PERA,[3] PERA does not deprive the Courts of Common Pleas jurisdiction to consider the matter. *Ziccardi v. Commonwealth,* 500 Pa. 326, 456 A.2d 979 (1982); *Martino v. Transport Workers Union of Philadelphia-Local 234,* 301 Pa. Superior Ct. 161, 447 A.2d 292 (1982), *aff'd,* 505 Pa. 391, 480 A.2d 242 (1984). In the case *sub judice,* the Appellees argued that because the Union was never properly certified by the Board, the Union lacked the capacity to enter into the collective bargaining agreement. The entering into a collective bargaining agreement by an uncertified union is not listed as an unfair labor practice in Section 1201.

The appellate court case cited by the Union on this issue is inapposite. *Building Service Employees International Union, Local 252 v. Schlesinger,* 440 Pa. 448, 269 A.2d 894 (1970) did not deal with the Public Employees Relations Act, it dealt with the National Labor Relations Act (NLRA)[4] and the Pennsylvania

---

6. Denied. It is denied that this Honorable Court lacks jurisdiction under the subject matter of this lawsuit since the remedy requested is specific performance.

It is one of the curiosities of this case that now, on appeal, the Union disputes the Common Pleas Court's jurisdiction. It is clear that they do so now because they were unhappy with the result the Court reached. It seems unfair that after asserting the Court possessed jurisdiction, the Union should now be permitted to dispute it. Because we find it necessary to find against the Union on this issue in any event, we shall discuss it for the sake of comprehensiveness.

[3] 43 P.S. §1101.1201.

[4] 29 U.S.C. 151-169.

Labor Relations Act (PLRA).[5] In *Schlesinger*, the Employer was contending that the execution of a collective bargaining agreement was an unfair labor practice because the union did not represent the majority of employees. Our Supreme Court held that the issue was for federal or state labor relations boards to determine because they were possessed with exclusive jurisdiction to find and prevent unfair labor practices and that the employers' contention was not a ground on which the Common Pleas Court could find the agreement to be invalid.

The case at bar is much different from *Schlesinger*. First, the Appellees here are not asserting that the Union did not represent a majority, they are asserting that the Union had no capacity to enter into the agreement because it had not been certified by the Board under PERA. Second, the fact that the case arises under PERA, and not under PLRA or the NLRA, is very important, as will be made clear below.

The Common Pleas Court was called upon by the Union to enforce the agreements. The Court obviously was required to determine if the agreements were valid. If one of the parties lacked capacity to enter into the agreements, the agreements were not enforceable. *See Tioga County Commissioners, to Use v. C. Davis, Inc.*, 439 Pa. 285, 266 A.2d 749 (1970). The validity of the agreements and the capacity of the parties to enter into them are not issues which the Common Pleas Court is precluded from considering by PERA. The Common Pleas Court had the jurisdiction to rule as it did.

The Union's second argument is that certification of a bargaining unit may be by voluntary recognition or union authorization cards under PERA. We find the Union's assertion to be without merit.

[5] Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§211.1-211.13.

Under PERA there are two mechanisms by which a union may become certified. The first is found at Section 602(a):[6]

(a) A public employer *may* recognize employe representatives for collective bargaining purposes, *provided the parties jointly request certification by the board which shall issue such certification if it finds the unit appropriate.* (Emphasis added.)

The second is found at Section 603(a):[7]

(a) A public employe, a group of public employes or an employe organization may notify the public employer that thirty per cent or more of the public employes in an appropriate unit desire to be exclusively represented for collective bargaining purposes by a designated representative and request the public employer to consent to an election.

It is evident from the pleadings that in this case there was never a request for an election. The Appellees voluntarily recognized the Union before entering into the agreements. Therefore, the situation is governed by Section 602(a). That section plainly requires certification by the Board before a public employer may recognize a union for collective bargaining purposes.

The Union cites several federal cases for the proposition that certification is not necessary where a union can prove majority status or an employer has extended voluntary recognition to a union. It is true that where no meaningful difference exists between established policies of PERA and NLRA, this Court may look to federal decisions for guidance. *Burse v. Pennsylvania Labor Relations Board,* 56 Pa. Commonwealth Ct. 555, 425 A.2d 1182 (1981). We do find

---

[6] 43 P.S. §1101.602(a).

[7] 43 P.S. §1101.603(a).

that there is an established difference in the policies of the two acts concerning the necessity for certification and hence we find the federal cases cited by the Union unpersuasive. Those cases dealt with the private sector and, as the learned trial judge noted:

> There are obviously significant differences between private and public employee relationships. We think the legislature recognized these distinctions when it adopted PERA and that it intended and desired to prevent politics in any form from interfering with the efficient and effective operation of government and the harmonious relations of public employer and employees. . . . Requiring the Labor Board to make a determination of the appropriateness of a proposed collective bargaining unit before an employer may recognize an employee organization and execute a valid bargaining agreement will benefit the employees, employer and the public. By mandating such action, the legislature has provided an efficient procedural safeguard from any arbitrary, capricious or political action between public employees and/or the public employer. Hastily formed bargaining units and bargaining agreements are usually designed, intended and created to protect political employees and are not ordinarily in the best interest of the public and they certainly are not intended to and do not promote any harmonious relationship between public employer and employees.

Slip op. at 9, 10. Further, this Court has recognized that it is the Board which can best determine the appropriateness of a proposed bargaining unit. *Western Psychiatric Institute v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 204, 330 A.2d 257 (1974). In the case *sub judice* the Board was

never permitted to perform its statutorily mandated function.

We agree with the Common Pleas Court that there are no genuine issues as to any material fact in this case and that the Appellees are entitled to judgment as a matter of law. Accordingly, we affirm the Common Pleas Court granting of summary judgment in this case.

ORDER

The order of the Court of Common Pleas of Luzerne County granting the Motion of Frank J. Trinisewski, Jr., James Phillips and Frank P. Crossin, Jr., as Commissioners of Luzerne County and the County of Luzerne, for summary judgment and dismissing the complaint in equity of Professional and Public Service Employees Union Local 1300 is affirmed.