**UNIONTOWN AREA SCHOOL DISTRICT, Appellant,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, in Behalf of UNIONTOWN AREA EDUCATION ASSOCIATION and Yolanda S. Defino.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2000.

Decided March 14, 2000.

As Amended April 3, 2000.

---

Michael L. Brungo, Pittsburgh, for appellant.

Ronald N. Watzman, Pittsburgh, for appellees, Uniontown Area Education Assoc. and Yolanda S. Defino.

Keith A. Herbster, Harrisburg, for appellee, PA Labor Relations Board.

Before COLINS, J., SMITH, J., and JIULIANTE, Senior Judge.

COLINS, Judge.

This matter before us is on remand from the Supreme Court of Pennsylvania. Of the three issues presented, the first is whether the common pleas court erred in concluding that there is substantial evidence of record to support the findings of the Pennsylvania Labor Relations Board (PLRB). The second issue is whether the PLRB erred in failing to conclude that the Uniontown Area School District hired the more qualified candidate for the position of principal, regardless of statutorily protected conduct. Lastly, the remedies set forth by the PLRB are challenged. For the reasons set forth below, we affirm.

Herein we recite the facts as set forth in our opinion of May 7, 1997. Benjamin Franklin School is an elementary school within the jurisdictional limits of the Uniontown Area School District (district). The district is a public employer within the meaning of Section 301(1) of the Public Employe Relations Act (PERA),[1] 43 P.S. § 1101.301(1). The Uniontown Education Association (Association) is an employee organization within the meaning of Section 301(3) of PERA. Ms. Defino (Defino) is a member of the Association.

Defino was employed by the district as a guidance counselor. In 1990, when Principal Coffman became ill, the school board adopted a resolution appointing Defino to serve as acting principal for the closing months of the 1990–91 school year. At the end of the 1990–91 school year Principal Coffman resigned, whereupon, the school board posted and advertised the vacant principal position and subsequently interviewed two individuals for the position. Ms. Defino was one of the interviewees.

During the interview phase, school board members questioned Defino as to whether she would be able to "change hats" from the position of a union advocate to a managerial position. (PLRB Final Order, p. 2; R.R. at 553a). The school board also questioned Defino on her experience, managerial style, her attitude toward evaluating teachers, and other matters related to the management of the school. Salary and willingness to transfer to another school were also considered.

Also interviewed was Mr. Albert Packan. Mr. Packan's interview was similar to Ms. Defino's in all respects with exception that there is no evidence that he was questioned regarding union involvement. Ultimately, the Board appointed Mr. Packan to the position. Defino filed an unfair labor practices charge against the district pursuant to Sections 1201(a)(1), (3), and (5) of PERA. The matter proceeded before a hearing examiner who found in favor of the Board. Exceptions were filed to the proposed decision and order of the hearing examiner. The matter went before the PLRB. The PLRB found that there was inferential evidence to support Ms. Defino's charge of anti-union animus, and determined that the district had committed unfair labor practices in violation of Section 1201(a)(1) and (3) of PERA. The PLRB ordered the school board to appoint Defino to the position and awarded her backpay. Common pleas court affirmed; an appeal was taken to this Court.

This Court reversed, concluding that Defino was not protected under PERA and that issue was dispositive. Mr. Justice Castille, writing for a unanimous Supreme Court reversed, holding that regardless of the position sought, an employee is protected by PERA so long as the employee is a member of the union. The case was remanded to this Court for consideration of remaining issues.

■ When reviewing a challenge to the PLRB's award where the matter was first appealed to the common pleas court and subsequently appealed to this Court, like the common pleas court, our review is limited to determining whether the PLRB's findings are supported by substantial evidence and whether conclusions drawn from those findings are reasonable

1. Act of July 23, 1970, P.L. 563, *as amended.*

and not illegal, arbitrary, or capricious. *St. Joseph's Hospital v. Pennsylvania Labor Relations Board,* 473 Pa. 101, 373 A.2d 1069 (1977).

 As long as the PLRB's findings are supported by substantial evidence, they are conclusive on appeal. *Perry County v. Pennsylvania Labor Relations Board,* 160 Pa.Cmwlth. 287, 634 A.2d 808 (1993); 42 Pa.C.S. § 5105(d)(2). An unfair labor practice charge of discrimination based on union activity, as presented herein, requires proof that the employer was motivated by an unlawful motive or displayed anti-union animus. *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa. Cmwlth. 406, 528 A.2d 1024, 1027 (1987). Since the PLRB reviews the matter *de novo,* "[i]t is the PLRB's function to appraise the conflicting evidence, determine credibility matters, resolve factual questions and draw inferences from the facts and circumstances." *City of Reading v. Pennsylvania Labor Relations Board,* 130 Pa.Cmwlth. 397, 568 A.2d 715 (1989).

 In the case *sub judice* there is substantial evidence of record from which it can be reasonably inferred that the school district engaged in discriminatory conduct in filling the position of school superintendent. The PLRB found that the uncontested evidence establishes that the school district questioned Defino regarding her ability to shed her role as union advocate for the newly sought role of school principal. (Notes of Testimony, Wednesday May 19, 1993, at 59, 71–72, 128.) The PLRB found that testimony credible. In consideration of that testimony, and evidence that Mr. Packan was not similarly questioned, the PLRB inferred unlawful motive. Thus, the record reflects substantial evidence, as found by the PLRB, to support the PLRB finding that Defino was not promoted because the school district questioned her ability to "change hats," that is, to act as an advocate for management rather than as one for the union.

2. Act of June 1, 1937, P.L. 1168, *as amended.*

The PLRB inferred unlawful motive based on the content of the questions and on the fact that Packan was not similarly questioned.

The school district asserts that evidence of Packan's superior credentials as compared to Defino's credentials overcomes any inference of anti-union animus. In support thereof the district highlights Packan's 17 years of experience compared to Defino's 1 year of experience; Packan's willingness to work at any school as opposed to Defino's preference to work at Benjamin Franklin Elementary School; and Packan's willingness to work for $2000 less in pay than Defino. However, the district's argument glosses over the fact that the PLRB found that Defino's non-promotion was the result of anti-union animus not because Mr. Packan's credentials were superior. Moreover, there is evidence of record to support the finding that salary was not an issue. (See Notes of Testimony, May 19, 1993, at 69–70.) Neither was the notion that Ms. Defino might be assigned to a site other than the Benjamin Franklin Elementary School an issue. (See Notes of Testimony, May 19, 1993, at 70–71.) The district's argument is nothing more than a recitation of facts of record, facts which the PLRB was free to reject since questions of credibility and the weight to be given conflicting evidence are for the PLRB to determine. *City of Reading.*

 Finally, the district argues that it has exclusive authority to rescind the contract of Packan. Therefore, the PLRB's remedy was improper. The PLRB has exclusive jurisdiction to remedy unfair labor practices committed, and its final orders shall be affirmed if they are reasonable. *Appeal of Cumberland Valley School District,* 483 Pa. 134, 394 A.2d 946 (1978).

 Section 8(a) of the PLRA,[2] 43 P.S. § 211.8(a), empowers the PLRB to "order [any person engaging in any unfair

labor practice] to cease and desist from such unfair labor practice, and to take such reasonable affirmative action ... as will effectuate the policies of this act." Section 8(c) of the PLRA, 43 P.S. § 211.8(c). The PLRB's power to remedy unfair labor practices is remedial in nature and not punitive. *Plumstead Township v. Pennsylvania Labor Relations Board,* 713 A.2d 730 (Pa.Cmwlth.1998). The district's challenge to the order lacks merit. The order is remedial and not punitive. The order is reasonable, and promotes the PLRB's objective of remedying an unfair labor practice charge of discrimination.

### *O R D E R*

**AND NOW,** this 14th day of March 2000, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby **AFFIRMED.**

Judge SMITH dissents.