# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Best, Gregory S. Miller,    :
Joseph Bruno, Robert Lanshcak,    :
Eric A. Garrett, Richard Schenker,    :
Robert M. Yeager, Bruce Rosa,    :
Anthony Tedesco, Renee Miller,    :
Heidi A. Kizak, Mary Lou Wilson,    :
Patricia Napolitan, Cory Beck, Richard    :
Arthur, Ryan Lechner, David J.    :
Devenney, Chad Rowe, Benjamin    :
Sharper, Luann Iacino, and Anthony    :
Vendilli,    :
        Appellants    :
    :
       v.    :  No.  1367 C.D. 2019
    :  Argued:  May 10, 2023
United Steel Paper and Forestry Rubber  :
Manufacturing Energy Allied Industrial  :
and Service Workers International    :
Union a/k/a United Steel Workers of    :
America and The County of Mercer    :

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE MICHAEL H. WOJCIK,** Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                **HONORABLE ELLEN CEISLER,** Judge
                **HONORABLE STACY WALLACE,** Judge

**OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: July 18, 2023**

Appellants Dennis Best, Gregory S. Miller, Joseph Bruno, Robert Lanshcak,

Eric A. Garrett, Richard Schenker, Robert M. Yeager, Bruce Rosa, Anthony

Tedesco, Renee Miller, Heidi A. Kizak, Mary Lou Wilson, Patricia Napolitan, Cory

Beck, Richard Arthur, Ryan Lechner, David J. Devenney, Chad Rowe, Benjamin Sharper, Luann Iacino, and Anthony Vendilli (collectively, Employees) appeal the Order dated July 2, 2018, and entered in the Court of Common Pleas of Mercer County (trial court) on July 9, 2018, sustaining the Preliminary Objection (PO) filed by United Steel Paper and Forestry Rubber Manufacturing Energy Allied Industrial and Service Workers International Union a/k/a United Steel Workers of America (USW) and the PO filed by County of Mercer (Mercer County) (collectively, Appellees), alleging the trial court lacked subject matter jurisdiction over Employees' Complaint. Following our review, we reverse and remand for further proceedings.

## I.    FACTS AND PROCEDURAL HISTORY

The trial court detailed the facts herein as follows:

[Employees] are all present and past employees of the Mercer County Sheriff's Department. In 1996, the employees of the Mercer County Sheriff's Department sought to form a public employee union which was to be represented by USW, having the name of USW Local Union No. 1355. While employed by the Mercer County Sheriff's Department, each of the [Employees] executed a USW Check-Off Authorization [Authorization(s)] which authorized Mercer County to deduct union dues from their pay each month while each [Employee] was "in employment with the collective bargaining unit in the employer." The individual [ ] [A]uthorizations were executed by each [Employee] at the time of their initial employment with the Mercer County Sheriff's Department, were identical in their form, and authorized Mercer County to remit the deducted dues to the USW.

This **labor union was never certified** by the Pennsylvania Labor Relations Board ("PLRB"), however, as a collective bargaining unit. The Pennsylvania Public Employe[] Relations Act [PERA][1] requires certification of any collective bargaining unit by the PLRB before it becomes official. Both [ ] **Mercer County and [ ] USW were informed** by the PLRB that their attempt to certify the employees of

2

the Mercer County Sheriff's Department as a collective bargaining unit had been denied. However, even with that knowledge, both [ ] Mercer County and [ ] USW negotiated and entered into numerous collective bargaining agreements between 1996 and 2016. Also during that time, [ ] Mercer County deducted union dues from the pay of [Employees], and remitted the dues to [ ] USW.

> FN 1 Act of July 23, 1970, P.L. 563, No. 195, art. 1, [as amended, 43 P.S. §§ 1101.101-1101.2301].

(Trial Court's Memorandum Opinion, filed 7/9/2018 (Op.), at 1-3 (unnumbered) (emphasis added).)

Employees filed a Complaint in the trial court alleging a claim for breach of contract against Mercer County and a claim for breach of duty of fair representation against USW. (Complaint ¶¶ 12-22, Reproduced Record (R.R.) at 11a-14a.) Employees sought individual judgments in their favor and to recover monetary damages against both Mercer County and USW for the improperly deducted and remitted dues plus interest. (*Id.* ¶¶ 14-15, 22, R.R. at 11a-12a, 14a.) Employees also sought to recover punitive damages against USW. (*Id.* at 6 (Wherefore Clause), R.R. at 14a.)

On March 15, 2018, Mercer County filed POs in the nature of a demurrer, pursuant to Pa.R.Civ.P. 1028(a)(1),[1] alleging the trial court lacked subject matter jurisdiction over the Complaint because the dispute falls within the exclusive jurisdiction of the PLRB. (Mercer County POs ¶¶ 9-12, R.R. at 19a.) Mercer County further alleged the breach of contract claim was legally insufficient as the Complaint did not set forth all the elements of a breach of contract claim and that the Complaint should be stricken due to Employees' failure to attach a copy of the contract and a

---

[1] This Rule provides that POs may be filed by any party to any pleading for "lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]" Pa.R.Civ.P. 1028(a)(1).

3

verification to the Complaint. (*Id.* ¶¶ 13-37, R.R. at 19a-23a (citing Pa.R.Civ.P. 1028(a)(4),[2] Pa.R.Civ.P. 1019(i),[3] and Pa.R.Civ.P. 1024(a)[4]).)

On March 15, 2018, USW also filed POs alleging lack of subject matter jurisdiction as to both counts of the Complaint pursuant to Pa.R.Civ.P. 1028(a)(1). The parties filed briefs in support of their respective positions and the trial court heard argument on the POs.

Relying upon the Pennsylvania Supreme Court's holding in *Hollinger v. Department of Public Welfare*, 365 A.2d 1245 (Pa. 1976), the trial court concluded that it lacked subject matter jurisdiction over Employees' Complaint because the Complaint alleged violations which fall within PERA and, therefore, subject matter jurisdiction was within the exclusive jurisdiction of the PLRB. (Trial Court's Memorandum Op. at 6 (unnumbered).) The trial court sustained Mercer County's

---

[2] Pursuant to this Rule, POs may be filed by any party to any pleading for "legal insufficiency of a pleading (demurrer)[.]" Pa.R.Civ.P. 1028(a)(4).

[3] Pertaining to contents of pleadings, this Rule states:

[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.Civ.P. 1019(i).

[4] Rule 1024(a) requires:

[e]very pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

Pa.R.Civ.P. 1024(a).

4

PO asserting the court lacked subject matter jurisdiction over Employees' breach of contract claim, sustained USW's PO asserting the court lacked subject matter jurisdiction over the breach of the duty of fair representation claim, and dismissed Employees' Complaint. (*Id.*) Based upon its disposition, the trial court did not address the remaining POs. Employees appealed to the Superior Court. In its Memorandum filed on August 23, 2019, the Superior Court determined jurisdiction is properly vested in this Court because the matter draws into question the applicability, interpretation, or enforcement of PERA and transferred the appeal.

On appeal, Employees argue the trial court erred in determining it lacked subject matter jurisdiction over the breach of contract claims asserted against Mercer County in light of *Hollinger*. Employees also argue the trial court's finding that it lacked subject matter jurisdiction over the breach of duty of fair representation claims brought against USW was contrary to law and in contravention to this Court's holding in *Case v. Hazelton* [sic] *Area Educational Support Personnel Association*, 928 A.2d 1154 (Pa. Cmwlth. 2007). We address these issues in turn.

## II.   BREACH OF CONTRACT CLAIMS AGAINST MERCER COUNTY

### A.   Parties' Arguments

Employees argue the trial court erred in finding it lacked subject matter jurisdiction over Employees' action against Mercer County because the case concerns individual claims of breach of contract, not unfair labor practices. Employees contend the County breached the terms and conditions of their Authorizations when it deducted union dues from each of their paychecks and remitted that money to USW from 1996 through 2016 with the knowledge that Employees were not members of a collective bargaining unit. (Employees' Brief

5

(Br.) at 6.) Employees assert the facts herein are distinguishable from those presented in *Hollinger* because the "dues deductions in the instant case were not performed by [Mercer County] in the absence of valid authorization, as was the case in *Hollinger*, but in violation and breach of the terms and conditions of the [Authorizations] executed by [Employees]." (*Id.* at 13.) Thus, Employees maintain that they have a basis for asserting individual breach of contract claims against Mercer County and have pled those claims in their Complaint by alleging that the Authorizations allowed the County to deduct dues from Employees only when they were employed by the County and were members of a collective bargaining unit. (*Id.*) Although the Authorizations were valid, the County violated the terms thereof by deducting union dues with the knowledge that Employees were **not** members of a collective bargaining unit. (*Id.*) Thus, Employees reason that their individual breach of contract claims are within the subject matter jurisdiction of the trial court, even if they also implicate an unfair labor practice. (*Id.* at 14.)

In response, Mercer County contends that *Hollinger* is controlling. (Mercer County's Br. at 9-13.) Mercer County reasons the effect of Appellees' alleged act of intentionally withholding information that Employees' union was not certified by the PLRB, and collecting union dues notwithstanding, is an interference with Employees' right to choose their labor union. This type of claim constitutes an unfair labor practice within the exclusive jurisdiction of the PLRB because interfering with an employee's right to join a union is one of the enumerated unfair labor practices listed in PERA and is within the exclusive jurisdiction of the PLRB. (*Id.* at 6, 13.) Mercer County also asserts that Employees' attempt to show their Authorizations constitute their own, separate contracts with Mercer County is unavailing, as there was no bargained-for exchange, mutual promises, or consideration when Employees

6

endorsed those Authorizations. (*Id*. at 6, 13-15, 17.) According to Mercer County, the Authorizations establish only union membership and are a "one-way directive" for the payment of union dues in accordance with a provision in a collective bargaining agreement. (*Id*. at 6, 15.)

### B. <u>Discussion</u>

"When reviewing orders disposing of preliminary objections, our standard of review is clear: well-pled factual averments are admitted; conclusions of law are not." *Mazur v. Trinity Area Sch. Dist.*, 926 A.2d 1260, 1265 n. 5. (Pa. Cmwlth. 2007) (internal citations and quotation marks omitted). Further, "[w]hen preliminary objections raise a question of subject matter jurisdiction, the trial court's function is to determine whether the law will bar recovery due to a lack of subject matter jurisdiction." *Id.* (internal citations and quotation marks omitted). In considering whether the PLRB has exclusive jurisdiction of the within matter, we must ascertain whether Employees' cause of action seeks to rectify an unfair labor practice under PERA. *Hazleton*, 928 A.2d at 1160. If it does, then the PLRB is vested with exclusive original jurisdiction by Section 1301 of PERA, 43 P.S. § 1101.1301. However, as discussed more fully below, this rule does not divest a court of jurisdiction to entertain suits for breach of contract merely because the alleged breach may be an unfair labor practice. *Id*.

Section 1201(a)(1) of PERA states: "[p]ublic employers, their agents or representatives are prohibited from [ ] [i]nterfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act." 43 P.S. § 1101.1201. Article IV addresses employee rights and guarantees and provides:

7

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

Section 401 of PERA, 43 P.S. § 1101.401.

Section 1201(b)(1) of PERA enumerates the categories of unfair practices as follows:

(b) Employe organizations, their agents, or representatives, or public employes are prohibited from:

(1) Restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

(2) Restraining or coercing a public employer in the selection of his representative for the purposes of collective bargaining or the adjustment of grievances.

(3) Refusing to bargain collectively in good faith with a public employer, if they have been designated in accordance with the provisions of this act as the exclusive representative of employes in an appropriate unit.

(4) Violating any of the rules and regulations established by the board regulating the conduct of representation elections.

(5) Refusing to reduce a collective bargaining agreement to writing and sign such agreement.

(6) Calling, instituting, maintaining or conducting a strike or boycott against any public employer or picketing any place of business of a public employer on account of any jurisdictional controversy.

(7) Engaging in, or inducing or encouraging any individual employed by any person to engage in a strike or refusal to handle goods or perform services; or threatening, coercing or restraining any person where an object thereof is to (i) force or require any public employer to cease dealing or doing business with any other person or (ii) force or require a public employer to recognize for representation purposes an employe organization not certified by the board.

(8) Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX.

(9) Refusing to comply with the requirements of "meet and discuss."

43 P.S. § 1101.1201(b)(1). In addition, Section 1301 of PERA provides:

The [PLRB] is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act.[] This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise.

43 P.S. § 1101.1301.

The Pennsylvania Supreme Court analyzed the interplay of the aforementioned provisions in *Hollinger*. Therein, employees had joined a union, which was certified as the exclusive representative of their bargaining unit and authorized the deduction of union dues from their paychecks. The employees eventually resigned from the union but were advised by their public employer that because their resignations had not been timely, the resignations were ineffective. As a result, dues were collected from their wages retroactively to the date deductions had been terminated. *Hollinger*, 365 A.2d at 1247. The employees subsequently filed complaints in equity in this Court's original jurisdiction against their public employer to enjoin further payroll deductions for union dues and to recover the dues that previously had been subtracted from the employees' paychecks. In response,

9

the public employer filed preliminary objections challenging, among other things, this Court's subject matter jurisdiction and arguing that the employees' claims should have been brought before the PLRB. This Court disagreed and overruled the preliminary objections. The Supreme Court reversed and in doing so determined that the alleged unauthorized withholding of dues "arguably" constituted unlawful labor practices listed under Sections 1201(a)(1) and (b)(1) of PERA. *Id.* at 1249. The Supreme Court held that the PLRB, not the courts, has exclusive subject matter jurisdiction over unfair labor practices pursuant to Section 1301 of PERA. *Id.* at 1248-49. In deciding whether jurisdiction for the dispute was with the PLRB or the court of common pleas, the Supreme Court opined

> that the deduction of union dues from employes' salaries, **if done without valid authorization by the employes affected**, arguably constitutes an interference with or restraint upon their right to refrain from joining or assisting in employe organizations **of which the employes do not wish to be members**. As such, the acts of both employers and unions in causing such unauthorized deductions to be made, if proved to have occurred, may be unfair labor practices under Section 1201(a)(1) and 1201(b)(1), respectively, of [] PERA, and actions seeking to enjoin such deductions are within the exclusive jurisdiction of the [PLRB] by virtue of Section 1301 of [] PERA.

*Id*. at 1249-50 (internal citations omitted) (emphasis added). Relevant herein, the Supreme Court also stated that PERA "**does not, of course, divest a court of jurisdiction to entertain suits for *breach of contract* merely because the alleged breach may arguably be an unfair labor practice**." *Id*. at 1249 n.10 (italics in original) (emphasis added).

The Pennsylvania Supreme Court later applied this principle in finding that the purpose of the PLRB is to remedy statutory violations, such as unfair labor practices, not to decide claims of contract violations; therefore, the trial court

exercised proper jurisdiction of a complaint which alleged a breach of contract in *City of Philadelphia v. District Council 33, American Federation of State, County & Municipal Employees, AFL-CIO*, 598 A.2d 256, 259 (Pa. 1991) (*District Council*). In *District Council*, the trial court granted injunctive relief after the union sought to enjoin the City of Philadelphia (the City) from enforcing a city pension plan ordinance on the basis that it would have a detrimental impact on City employees' pension plan under their collective bargaining agreement. The City appealed, claiming that the PLRB had exclusive jurisdiction over the matter because it involved a labor dispute pertaining to the City's failure to bargain collectively in good faith with the union about the new pension system under Section 1201(a)(5) of PERA. In response, the union asserted it had brought a breach of contract claim and unconstitutional impairment of the contract claim, not an unfair labor practice action, and, therefore, common pleas had proper jurisdiction. Relying upon *Hollinger*, the Supreme Court held that the complaint clearly asserted contract claims, and the court of common pleas had proper jurisdiction over the matter. *District Council*, 598 A.2d at 259. In so holding, the Supreme Court reasoned that the complaint did not address a failure to bargain or seek to force the City to bargain over a new pension plan. *Id.*

In addition, this Court has held that "[w]here a matter does not fall within the list of unfair labor practices found listed in Section 1201 of PERA,[] PERA does not deprive the [c]ourts of [c]ommon [p]leas [of] jurisdiction to consider the matter." *Pro. and Pub. Serv. Emps. Union Loc. 1300 v. Trinisewski*, 504 A.2d 391, 393 (Pa. Cmwlth. 1986) (footnote omitted). In *Trinisewski*, a union had called upon the court of common pleas to enforce collective bargaining agreements, and in doing so, the court had to determine the validity thereof. We ultimately held that "[t]he validity of the agreements and the capacity of the parties to enter into them are not issues

11

which the [c]ommon [p]leas [c]ourt is precluded from considering by PERA" because "[t]he entering into a collective bargaining agreement by an uncertified union is not listed as an unfair labor practice in Section 1201." *Id.* at 393-94. Thus, we held that the trial court properly had jurisdiction to grant summary judgment therein. *Id.* Also, in *Berks-Lehigh Regional Police Officers Association v. Upper Macungie Township* (Pa. Cmwlth., No. 786 C.D. 2016, filed Jan. 12, 2017), slip op. at 10, 12,[5] this Court repeated that every breach of contract claim related to a collective bargaining agreement will not be deemed an unfair labor practice as a matter of law. There, a police officers' association filed a complaint in the trial court, claiming its collective bargaining agreement was a valid contract, which was breached when the police department was disbanded prior to the agreement's expiration. *Id.* at 4. We concluded that where "the [a]ssociation [ ] alleged only a breach of contract claim and [ ] sought only relief in the form of compensatory damages consistent with a breach of contract claim[, the] trial court ha[d] original jurisdiction over the [a]ssociation's breach of contract claim." *Id.* at 12.

Herein, Employees alleged in their Complaint that they had desired to be represented by a labor union certified by the PLRB and believed that they were part of a collective bargaining unit when they executed the Authorizations permitting Mercer County to deduct dues from their paychecks and remit those payments to USW. (Complaint ¶¶ 4-6, 13, R.R. at 10a-11a.) Employees further argued they had a basis for asserting individual breach of contract claims against Mercer County, which, with the knowledge that Employees were **not** members of a collective bargaining unit, deducted dues payments from their paychecks notwithstanding. (*Id.*

_____

[5] While not binding, this Court's unreported opinions may be cited for their persuasive authority pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b)(1), and Section 414(a) of our Internal Operating Procedures, 210 Pa. Code 69.414(a).

¶¶ 10-11, 13, R.R. at 11a.) As a result, they sought compensatory damages in the form of repayment of their union dues. (*Id.* ¶¶ 14-15, R.R. at 11a-12a.) The trial court determined it lacked subject matter jurisdiction over Employees' cause of action based on *Hollinger* because the Complaint essentially sought relief from unfair labor practices. The trial court stated *Hollinger* stands for the proposition that complaints pertaining to the improper deduction of union dues and actions seeking to enjoin such deductions are within the PLRB's exclusive jurisdiction. (Op. at 4-5 (unnumbered).) The trial court reasoned that the deduction of union dues from Employees' paychecks "potentially" interfered with their "right to 'form, join, or assist in employee organization'" in violation of Section 401 of the PERA. (Op. at 5-6 (unnumbered).) The trial court was not persuaded by the Supreme Court's statement in *Hollinger* regarding suits for breach of contract as the statement is in a footnote, and the trial court ultimately dismissed the Complaint upon finding the PLRB had exclusive jurisdiction. (*Id.* at 5 (unnumbered).)

Determining the facts in the matter sub judice were similar to those presented in *Hollinger*, and, therefore, *Hollinger* is controlling, the trial court reasoned:

> The terms of the [] Authorizations signed by [Employees] allowed Mercer County to deduct union dues from their pay each month while each [Employee] was "in employment with the collective bargaining unit in the [County]." If the [A]uthorization signed by [Employees] was that dues could be deducted as long as [Employees] were in a collective bargaining unit, and [Employees] were never in a collective bargaining unit, then there was no valid authorization.
>
> Assuming that the taking of dues was improper, the taking of dues by [Appellees] also **potentially** interferes with [Employees'] right to "form, join, or assist in employee organization" under 43 P.S. § 1101.401 because if the dues were not being collected by [ ] Mercer County and given to [ ] USW, and [Employees] were told that they were not part of a collective bargaining unit, then [E]mployees would have surely tried again to form a collective bargaining unit or perhaps [gone]

13

with a different union all together from [USW]. By collecting the dues, and essentially lying to [Employees], [Appellees] would have prevented [Employees] from properly forming a union. This clearly would be in violation of [ ] [PERA], which further places this case squarely within the purview of the [PLRB]. It is therefore the decision of this court that jurisdiction for this case lies exclusively with the PLRB and therefore the case should be dismissed. Because this [c]ourt lacks jurisdiction in this matter, it declines to make a ruling on the other preliminary objections set forth by [Appellees].

(Op. at 5-6 (unnumbered) (emphasis added).) However, the Supreme Court in *Hollinger* and its progeny has recognized an exception to the PLRB's exclusive jurisdiction over unfair labor practice cases where the cause of action sounds **in contract**. In those types of cases, as the Supreme Court found in *District Council*, the courts of common pleas **do** have proper subject matter jurisdiction.

Notably, a breach of contract claim consists of three elements: (1) whether a contract exists, including its essential terms; (2) whether there was a breach of the duty imposed by the contract; and (3) whether there are resultant damages. *Sewer Auth. of City of Scranton v. Pa. Infrastructure Inv. Auth.*, 81 A.3d 1031, 1041-42 (Pa. Cmwlth. 2013). While the trial court herein predicted what Employees "would have" tried to do if they knew their union was not properly certified and acknowledged Appellees' actions "would have prevented [Employees] from properly forming a union," (Op. at 6 (unnumbered)), the trial court did not consider Employees' well-pled allegations in light of the relevant statutory authority and caselaw. The basis for Employees' individual breach of contract claims is that their execution of the Authorizations, and Mercer County's subsequent deduction of union dues pursuant thereto, evinces a contractual agreement the terms of which Mercer County breached when it made the deductions with the knowledge that Employees were not members of a collective bargaining unit. In accordance with

14

*Hollinger* and *District Council*, even if this case encompasses characteristics of an unfair labor practice action, this fact alone does not divest the trial court of subject matter jurisdiction over this matter. Because the trial court concluded that it lacked subject matter jurisdiction, it never analyzed whether a contract existed between Employees and Mercer County, nor did it consider the merits, if any, of Mercer County's remaining preliminary objections. Thus, the matter must be remanded for the trial court to conduct such an analysis.

## III. BREACH OF DUTY OF FAIR REPRESENTATION AGAINST USW

### A. Parties' Arguments

Employees also argue the trial court erred in holding it lacked subject matter jurisdiction to consider their breach of duty of fair representation claims set forth in Count II of their Complaint against USW. Employees assert USW breached its fiduciary duty of fair representation to Employees and, acting in bad faith, never disclosed to them the union's lack of certification while continuing to receive Employees' union dues from Mercer County from 1996 through 2016. Employees further argue the trial court erred by failing to consider the facts and holding of *Hazleton*, which are more in line with those presented herein than those set forth in *Hollinger*. (Employees' Br. at 16-18.)

In response, USW argues that the crux of Employees' Complaint, that union dues were improperly deducted and remitted from their paychecks although they never were in a collective bargaining unit, is an unfair labor practice and, as such, *Hollinger* controls. (USW Br. at 4-5.) USW further reasons the PLRB has exclusive jurisdiction over this case because

the basis of [Employees'] claim against USW is that it interfered with, restrained, or coerced [Employees] in their right to belong to a certified collective bargaining unit or another labor union altogether. Accordingly, [Employees'] claims are based upon alleged conduct that would constitute an unfair labor practice, if proven to the PLRB.

(*Id*. at 5-6.) According to USW, Employees' contention that *Hollinger* is distinguishable because their dues deductions were authorized as per their authorization cards is inaccurate, for Employees authorized payments only if they were part of a collective bargaining unit, which never existed. (*Id*. at 13-14.) Moreover, USW states the *Hazleton* case is distinguishable because therein the plaintiffs did not seek the repayment of union dues, which is the remedy Employees request herein and the remedy sought in *Hollinger.* (*Id*. at 11-12.) For these reasons, USW submits the basis of the Complaint is an unfair labor practice. (*Id*. at 12-13.)

### B. Discussion

In *Hazleton*, a group of school district employees alleged that their labor union had breached its duty of fair representation to senior employees when it negotiated and agreed to contractual provisions that were more favorable to employees with less seniority. 928 A.2d at 1161. In considering whether jurisdiction lay with the PLRB or with the court of common pleas, this Court discussed prior inconsistent case law on the issue and held:

Individual claims by employees against the union that allege a breach of the duty of fair representation do not qualify as unfair labor practices in violation of PERA. The PLRB's expertise lies in resolving disputes involving alleged violations of the provisions of PERA, not in remedying an individual injustice to an employee by an employee's representative union.

*Id*. Thereafter, this Court further clarified that

16

[t]he duty of fair representation requires unions to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). Unions have a fiduciary obligation to represent all of their members fairly and to protect the members' rights. *Connelly v. Steel Valley Educ. Ass'n*, 119 A.3d 1127, 1134 (Pa. Cmwlth. 2015). "A union's actions can be considered arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational." *Id.* (internal citations and quotations omitted). **A civil claim based on a union's alleged breach of its duty of fair representation does not implicate PERA because "[i]ndividual claims by employees against [their] union . . . do not qualify as unfair labor practices."** *Id.* **at 1133 (quoting . . .** *Hazleton.* **. . , 928 A.2d [at] . . . 1161 . . . .) Therefore, jurisdiction over duty of fair representation claims is within the local county court of common pleas, not the PLRB.** *Id*.

*Kiddo v. Am. Fed'n of State, Cnty. & Mun. Emps., Local 2202* (Pa. Cmwlth., No. 468 C.D. 2019, filed August 3, 2020), slip op. at 6 n.5 (emphasis added).

Here, Employees' Complaint alleges USW breached its duty of fair representation and acted in bad faith when it both failed to disclose to Employees that they were not members of a certified collective bargaining unit and intentionally and fraudulently represented to them that they were part of a collective bargaining unit while collecting dues and negotiating collective bargaining agreements it knew were unenforceable. (Complaint ¶¶ 16-20, R.R. 12a-13a.) Employees further allege that each has sustained damages that were deducted from his or her pay and improperly remitted by Mercer County to USW from 1996 through 2016. (Complaint ¶¶ 20-21, R.R. at 13a.) Employees seek both compensatory and punitive damages from USW.

USW's actions alleged herein do not fall under any of the categories of unfair labor practices enumerated in Section 1201(b) of PERA, *see supra*, and Employees' Complaint clearly sets forth a claim against USW for breach of its duty of fair

17

representation. Moreover, Employees seek redress in the form of compensatory and punitive damages for this claim; however, the PLRB's power to remedy unfair labor practices is remedial in nature and not punitive. *Uniontown Area Sch. Dist. v. Pa. Lab. Rels. Bd. ex rel. Uniontown Area Educ. Ass'n,* 747 A.2d 1271, 1275 (Pa. Cmwlth. 2000). Because the Complaint sets forth allegations which, if true, would constitute a breach of USW's duty of fair representation, jurisdiction lies with the court of common pleas, not the PLRB. *Kiddo*, slip op. at 6 n.5.

## IV. CONCLUSION

The trial court determined that because Employees' Complaint may implicate PERA's prohibitions, then the PLRB must have exclusive jurisdiction over the claims raised therein. However, while the trial court correctly states that the PLRB has exclusive jurisdiction over questions of unfair labor practices, it did not apply well settled caselaw that a claim can sound in **both** breach of contract, over which the trial court would maintain jurisdiction, and a violation of PERA, which would be exclusively under the PLRB's jurisdiction. In their Complaint, Employees raise individual claims of breach of contract and breach of duty of fair representation, and they seek both compensatory and punitive damages. While the alleged breaches may involve unfair labor practices on the part of Appellees, this does not divest the trial court of subject matter jurisdiction over these claims, which seek to remedy individual injustices done to Employees by Appellees.[6] Thus, we reverse the July 2,

---

[6] We note that Section 1302 of PERA, 43 P.S. § 1101.1302, authorizes the PLRB to issue unfair labor practice complaints against public employers. However, Employees acknowledged during oral argument that if this matter were within the exclusive jurisdiction of the PLRB, the deducted union dues payments fall outside the applicable statute of limitations. (*See* Section 1505 of PERA, 43 P.S. § 1101.1505 (stating "[n]o petition or charge shall be entertained which relates to acts **(Footnote continued on next page…)**

18

2018, Order of the trial court and remand for further proceedings consistent with this opinion.



**RENÉE COHN JUBELIRER,** President Judge

---

which occurred or statements which were made more than four months prior to the filing of the petition or charge.")). This Court has expressly held that "the four-month statute of limitations in Section 1505 [of PERA] bars a complainant from filing an unfair labor practice charge based upon evidence which has been in the complainant's possession for more than four months." *Thomas v. Pa. Labor Rels. Bd.*, 483 A.2d 1016, 1018 (Pa. Cmwlth. 1984). "The four-month limitations period for the filing of an unfair labor practice charge under Section 1505 of the PERA is triggered when the complainant has reason to believe that the unfair labor practice has occurred." *Lancaster Cnty. v. Pa. Labor Rels. Bd.*, 62 A.3d 469, 473 (Pa. Cmwlth. 2013).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Best, Gregory S. Miller,   :
Joseph Bruno, Robert Lanshcak,   :
Eric A. Garrett, Richard Schenker,   :
Robert M. Yeager, Bruce Rosa,   :
Anthony Tedesco, Renee Miller,   :
Heidi A. Kizak, Mary Lou Wilson,   :
Patricia Napolitan, Cory Beck, Richard   :
Arthur, Ryan Lechner, David J.   :
Devenney, Chad Rowe, Benjamin   :
Sharper, Luann Iacino, and Anthony   :
Vendilli,   :
                Appellants   :
  :
        v.   :   No. 1367 C.D. 2019
  :
United Steel Paper and Forestry Rubber   :
Manufacturing Energy Allied Industrial   :
and Service Workers International   :
Union a/k/a United Steel Workers of   :
America and The County of Mercer   :

# **O R D E R**

    **NOW**, July 18, 2023, the Order of the Court of Common Pleas of Mercer County dated July 2, 2018, is **REVERSED**. The matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

    Jurisdiction relinquished.

 

                        _____
                        **RENÉE COHN JUBELIRER,** President Judge